19  667
39a 146

WALTON, Plaintiff in Error, *vs.* WALTON, Defendant in Error.

1. The supreme court will not interfere with the discretion exercised by inferior courts in taxing costs against a losing party.

*Error to St. Louis Court of Common Pleas.*

This case was once before in this court, and was reversed and remanded. (17 Mo. Rep. 376.) After it went back to the court below, the defendant was allowed to amend his answer by inserting an additional item for money paid since the former judgment, for which he claimed to be credited in taking the account. The cause was again referred, and the referee reported a balance in favor of the defendant, which report was

confirmed. Afterwards, the plaintiff moved the court to tax the costs against the defendant, because the item which accrued after the commencement of the suit had been taken into consideration in stating the account, when there would otherwise have been a balance in favor of the plaintiff. His motion was overruled, and he sued out this writ of error.

*E. Casselberry*, for plaintiff in error.

*Krum & Harding*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This case has been in this court at a previous term ; it was reversed and remanded. See the case, 17 Mo. Rep. 376. It now comes here again, and the only matter for our consideration is in regard to the costs. The defendant below obtained a judgment for a small sum ; and as the costs in such cases as this are in the discretion of the court, we will not reverse the judgment that gives costs against the losing party.

" In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

" Upon the complainant dismissing his bill in equity, or defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant his costs ; and in all other cases in equity, it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law." R. C. 1845, tit. Costs, art. 1, secs. 6 and 18.

The complainant contends that the act of the court, in permitting defendant to file an amended answer, was the basis for the success of the defendant in the action, and therefore the court should have made the defendant pay a portion of the costs. This may be strictly just and equitable ; but still it does not take away the discretionary power of the court below. The question here is, not what this court would have done in the

premises, had the case been before us, as a court of original jurisdiction, but whether the court below has abused its discretion. We are not willing to say that there has been an abuse of such discretion in giving costs for the defendant in this action. The other judges concurring, the judgment below will be affirmed.