Murphy v. Smith.

---

| 86 | 333 |
|----|-----|
| 36a | 140 |
| 86 | 333 |
| 115 | 86 |

## MURPHY v. SMITH, *Appellant*.*

1. **Equity**: FRAUD IN OBTAINING JUDGMENT. Where a judgment is fraudulently obtained against one, in violation of a compromise agreement, any title acquired thereunder by the plaintiff in the suit or by any one having notice of the injustice practised in obtaining the judgment, is voidable in equity as against the defendant in such suit or those claiming under him.

2. **Compromise of Suit**: JUDGMENT FOR COSTS. A court is not authorized to render a judgment for costs in carrying out a compromise of the parties to the suit, except in pursuance of a stipulation to that effect entered of record, or the consent of parties given in open court.

3. **Fraudulent Judgment, Sale Under**: REMOVAL OF CLOUD ON TITLE. The evidence in this case reviewed and held, reversing the finding of the trial court, that a purchaser at a sheriff's sale and his vendee bought with notice of the fraud practiced in obtaining the judgment and the title asserted thereunder removed as a cloud on defendant's title by divesting it out of plaintiff and vesting it in defendant.

4. ———: ———: WHEN PURCHASE MONEY NOT RESTORED. Said relief granted in this case without requiring the defendant to restore the purchase money paid at the sale, for the reasons that it was not paid in discharge of any lawful lien upon the land and the defendant did not have the benefit of any part of it.

---

* The opinion in this case was rendered by Commissioner Martin at the October term, 1884, of the court and a motion for re-hearing was filed which was not determined until the April term following.

*Appeal from Maries Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Edwin Silver* for appellant.

(1) The facts set up in defendant's answer are supported by the evidence and entitle him to equitable relief. *Bresnehan v. Price*, 57 Mo. 424; *Eck v. Hatcher*, 58 Mo. 235; *Hopkins v. Williams*, 58 Mo. 201; *Major v. Buckley*, 51 Mo. 227; *Massey v. Young*, 73 Mo. 260. (2) The answer distinctly charges knowledge of the fraud in procuring the judgment against William Ammerman on plaintiff, but he failed to appear and testify to his own innocence, which must be taken as a strong circumstance against him. *Mayberry v. McClurg*, 74 Mo. 575. (3) The gross inadequacy of the price for which the land was sold at the sheriff's sale warrants equitable interference. *Durfee v. Moran*, 57 Mo. 379; *H. & St. Jo. Ry. v. Brown*, 43 Mo. 294; *Parker v. Railroad*, 44 Mo. 415. (4) The circumstances of this case show an equitable satisfaction of the judgment under which the land was sold before such sale. Where a judgment is satisfied a sale under it will convey no title, not even to a purchaser without notice. *Reed v. Austin*, 59 Mo. 234; *Durette v. Briggs*, 47 Mo. 356. (5) Nor was the judgment and sale good because Ammerman had failed to pay the costs. The proper way to collect merely the costs in a cause is by fee bill under Revised Statutes, section 5595. (6) Defendant was in possession of the premises in controversy under a deed of record when A. M. Murphy purchased and also when plaintiff bought from the latter. These facts were sufficient to put A. M. Murphy, plaintiff, upon inquiry as to any facts affecting their title. *Sergeant v. Ingersoll*, 7 Pa. St. 340.

*Smith & Krauthoff* and *L. F. Parker* for respondent.

(1) The evidence does not present a case which entitles the defendant to relief upon equitable grounds. The judgment, execution and sheriff's deed under which the plaintiff claims are regular upon their face. There is no positive evidence that A. M. Murphy had any reason to suspect that the judgment and sale were not what they appeared to be. On the contrary, he positively denies any knowledge and his statements are supported by those of disinterested parties who were present at the sale. This is not a case of a sale under a judgment that has been satisfied. (2) The defendant has been guilty of such inexcusable laches as to debar him of whatever right to equitable relief he once possessed. *Quinlan v. Keiser*, 66 Mo. 604; *Bliss v. Prichard*, 67 Mo. 181; *Kelly v. Hurt*, 74 Mo. 561. (3) The defendant does not offer to do equity by restoring the purchase money paid at sheriff's sale; he cannot, therefore, claim equity. 1 Story's Eq. (12 Ed.) sec. 642; *Whelan v. Reilly*, 61 Mo. 565. (4) Plaintiff having purchased from a purchaser without notice, takes the latter's title just as he had it. *Halsa v. Halsa*, 8 Mo. 303; *Lemay v. Ponperez*, 35 Mo. 71-76; 1 Story Eq. Jur. (12 Ed.) secs. 409, 410; 3 Wash. Real Prop. (4 Ed.) 339; 1 Dan. Neg. Inst. (3 Ed.) sec. 803.

MARTIN, C.—The plaintiff sued in ejectment, and the defendant in his answer pleaded facts constituting an equitable defence, and prayed for affirmative relief against the title asserted against him.

It appears from the evidence, in which there is no conflict, that one R. E. Hutchison, as executor of Daniel Bailey, held a note against William Ammerman and Joseph Ammerman, dated September 25, 1872, payable in the sum of $196.69, one day after date, which note

had been executed and delivered to said Hutchison for a debt due the estate of said Bailey by William Ammerman, one of the makers. On the twenty-third of September, 1874, Hutchison, in his individual capacity, brought suit on said note against the makers thereof. Due service was obtained on both defendants. Before judgment on the note by default or otherwise, Hutchison and Ammerman entered into an agreement for a settlement of the debt and dismissal of the suit. At the time of this agreement, one G. W. Shinkle, as curator of Bailey's minor children, held a note against Hutchison, the executor of the estate. A statement of the amount of the note in suit, with interest, was handed to Wm. Ammerman, along with the amount of costs, not exceeding six or seven dollars. It was agreed that Ammerman should pay the amount of the note in suit with interest to G. W. Shinkle, who should credit the amount so paid on the note he held against Hutchison, and that the suit should be dismissed at Ammerman's costs. As Ammerman did not have the money on hand at the time of the settlement, it was agreed that he should execute a new note for Shinkle representing the amount of the note and interest in suit, and should secure it with a deed of trust to Shinkle on the land in controversy, which belonged to said Ammerman.

Accordingly, on the seventeenth of October, 1874, Wm. Ammerman executed his note in the sum of $241.55, secured by deed of trust' which was, by Hutchison, passed over to Shinkle, who accepted it and gave credit therefor on the note he held against Hutchison. Notwithstanding this settlement of the note in suit, Hutchison, without the knowledge of Wm. Ammerman, or his co-defendant, obtained a judgment by default against them on the thirteenth of October, 1875, which on the same day was made final in the full sum of the debt and for costs. This judgment on the margin thereof is certified as having been assigned by Hutchison to one A. Corse on the tenth of

April, 1877. No execution was issued on the judgment at this time. On the eleventh of July, 1876, William Ammerman sold the land to the defendant, and with the purchase money paid off the note and mortgage he had given to Shinkle, and it is marked paid as of November 9, 1876. Long afterwards, on the thirteenth of March, 1878, execution was issued on the judgment of October 13, 1875, under which the land in controversy was levied upon and advertised for sale April 9, 1878. Ammerman did not know there was a judgment until he saw the land advertised for sale. On the day of sale and prior thereto Wm. Ammerman appeared in court and filed a motion to quash the execution and stay all proceedings under it, on the ground that the debt and judgment had been satisfied. This motion was supported by an affidavit setting out the satisfaction and payment of the note, as hereinbefore stated. It was resisted by Mr. Parker, attorney of the present plaintiff, and by Mr. Corse, apparent assignee of the judgment. During the pendency of this motion the sale took place and one A. M. Murphy became purchaser of the land at the price and sum of seventy-three dollars. On the nineteenth of April, 1878, he made conveyance of it to W. H. Murphy, the present plaintiff, alleging as a reason that he had been told that he had bought a law suit, and he did not feel able to defend it. The land was worth seven or eight hundred dollars. The defendant was in possession of it by virtue of his purchase from Wm. Ammerman. The court rendered judgment in favor of plaintiff, from which the defendant has appealed.

Unquestionably the judgment, by virtue of which the land was seized and sold, was procured by Mr. Hutchison against equity and good conscience. The note upon which default and judgment in the full amount was entered had been compromised by accep-

tance of the other note of Ammerman secured by deed of trust. Hutchison had accepted and turned over said note and deed of trust to his creditor, Shinkle, and had received credit on his own obligation to the full amount of the paper so received and turned over. It was an act of extreme injustice in him to insist on an enforcement of the note after it had thus been settled and paid by the defendant. And the defendant had no reason to expect such a movement. *Bresnehan v. Price*, 57 Mo. 422. It is urged by the learned counsel for plaintiff that although Hutchison had no right to a judgment on the note, he was entitled to a judgment for costs, and that as the judgment for costs was right, the sale under it could not be affected by the fraud which impeaches the judgment on the debt. It is true that Ammerman agreed orally to pay the costs, but he made no agreement or stipulation authorizing a judgment for costs. If the plaintiff had gone on with his suit he could not upon the true state of facts have obtained a judgment for the debt. On proof that the debt had been paid since suit, the judgment would have been for defendant, and that would have carried costs against the plaintiff as incident to it. Our statute provides that "in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." R. S., 1879, sec. 990. No other provision by law is applicable to the case at bar. If a party in his compromise agreement stipulates for an adjudication of costs, in such a manner that a court would feel justified in enforcing it, irrespective of any judgment on the cause of action, such stipulation might afford special authority to the court to render judgment in accordance with its requirements. *Thompson v. Union Elevator Company*, 77 Mo. 520. But there was no stipulation in this case authorizing the court to enter judgment for costs except as incident to a judgment on the merits.

When a court assumes to carry out a compromise requiring a special judgment for costs it should be in pursuance of a stipulation to that effect filed of record, or should be with the consent of the parties in open court. I do not think the court could have rendered the judgment for costs contended for, under the circumstances of this case, without the written or oral consent of the defendants. Having no right to the judgment for either debt or costs in the suit, any title acquired by the plaintiff in the suit on the note, or by any one having notice of the injustice practiced by him would be voidable as against the defendants or parties holding title from them.

The only question about which there can be any controversy is whether A. M. Murphy had actual or constructive notice of the injustice by which the judgment was procured. On this issue I think the court erred in finding for the plaintiff, who is the assignee of A. M. Murphy. It may be remarked that A. M. Murphy purchased under a judgment which was being attacked for fraud on the day of his purchase; that this contest came off in the court room just before the sale upon papers of record in the case; that the parties interested in the judgment as of record took open and public action after voluntary appearance by them; that he admits that he saw Mr. Parker, the attorney who resisted the motion; that he met Parker several times in the forenoon before the sale took place; that he may have been in the court room, but did not hear the arguments on the motion. I think it very improbable that he failed to hear anything of the facts tending to impeach the judgment. Indeed, he does not in his evidence deny a knowledge of the proceeding itself, although he negatives hearing about the motion. Mr. Ammerman, on being recalled, testified that he informed Mr. Murphy before the sale was over that he was buying a law suit. Corse, Parker and Murphy were all bidding

at the sale.    The fact that land worth seven or eight hundred dollars was going at seventy-three dollars ought to have raised the suspicions of the purchaser.    This fact in its nature would tend to indicate an infirmity of the title offered.    At the time of the sale 'the land was in possession of the defendant claiming it by deed of record.    Mr. Murphy, the purchaser, admits that he had seen the land before the sale.    Under all these circumstances pointing to the defective judgment it is rather extraordinary that Mr. Murphy should have made no inquiry from any one, prosecuted no search or investigation of the suit and proceedings under which he was about to purchase, but was content at receiving all this information immediately after the sale and before he got home.

The plaintiff, W. H. Murphy, is in no better condition than A. M. Murphy, the purchaser at execution sale.    It is evident that he understood that he was assuming a law suit when he purchased.    The sale to him was with that view, and he does not come forward to contradict it.    He has the title acquired by A. M. Murphy and nothing more.

The defendant in his answer prays that the proceedings in the suit on the note be annulled ; that the sheriff's sale and deed thereunder as well as the deed to plaintiff be set aside and held for naught, and for such other and further relief as in equity and good conscience he may be entitled to.    It would not be in accordance with the approved practice prevailing in equity courts to vacate or annul the proceedings of record in the action on the note, or to set aside the sheriff's sale or the deeds made in pursuance thereof, in this case, for the reason that no parties to the suit on the note or to the sheriff's sale or deed are before this court.    Neither, on the other hand, is the plaintiff entitled to the return of the seventy-three dollars paid at the sheriff's sale upon any equity existing in his favor, or in favor of his

grantor, for the reason that it was not paid towards the discharge of any lawful lien upon the land, nor has defendant had the benefit of any part of it.

Proceeding to administer under the general prayer of relief the equity to which the defendant is entitled as against the plaintiff, under the facts of the case, I have only to say that so far as he is concerned, the title which he has acquired and asserted in his action of ejectment is fraudulent as against the defendant and constitutes a cloud and an embarrassment upon the true title to the land which is vested in the defendant. Accordingly, the judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for defendant, to the effect that the plaintiff have nothing by his action, and that the title asserted by him in pursuance of the sheriff's deed and subsequent conveyance to him be divested from him and vested in the defendant; and that the defendant recover his costs and have execution therefor. All concur.