W. ELLISON ET AL., Respondents, v. THOMAS E. RALSTON, Garnishee, Impleaded, etc., Appellant.

### St. Louis Court of Appeals, November 24, 1885.

1. GARNISHMENT—ALLOWANCE—PRACTICE.—A person upon whom two writs of garnishment are served, under the same execution, and who answers both, is entitled to an allowance therefor, and the subsequent dismissal of one of the writs will not prevent the garnishee's recovery of costs for answering therein.

2. —— APPEALS.—An order refusing the garnishee an allowance for answering, upon the dismissal of the garnishment proceeding, is a final order from which an appeal will lie.

3. —— COSTS—TRIAL COURT'S DISCRETION. — The rule as to the

court's discretion in taxing costs has no application to the matter of allowance for garnishees, under the statute, section 2538.

4. ——— CO-PARTNERSHIP.—Where a co-partnership firm is garnished, and the individual members thereof are garnished under the same execution, *quære*, whether the dismissal as to the individuals is a dismissal as to the firm.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed, and remanded with directions.*

CHARLES B. STARK, for the appellant.

D. D. FASSETT and H. C. CONDE, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is an appeal by a garnishee from the decision of the court refusing to tax in his favor the costs of his answer as garnishee. Three separate notices of garnishment were issued and served in the same case, one against George A. Madill and Thomas E. Ralston, in their character of co-partners as Madill and Ralston; one against George A. Madill individually, and one against Thomas E. Ralston individually. Interrogatories were filed in each of the three proceedings, and the garnishees made separate answers in each. Thereafter the plaintiff dismissed the proceeding against Madill individually, and also the proceeding against Ralston individually, retaining the proceeding against Madill & Ralston as a partnership firm. Ralston moved the court for an allowance of his expenses as garnishee, under the statute, and proved that he had been put to the expense of fifty dollars in respect of his separate answer to the process which had been served upon him individually. The court overruled the motion, and from this order Ralston has appealed.

His right to prosecute the appeal is predicated upon the idea that the three garnishment proceedings were in the nature of three distinct suits, and that when one of them was finally disposed of, the plaintiff failing to re-

cover a judgment against him, he was entitled to his costs in that proceeding under section 2538, Revised Statutes. The plaintiff, on the other hand, argues that whereas the proceeding is still pending, in the shape of the garnishment proceeding as against Madill & Ralston in their character as partners, the plaintiff has not "failed to recover judgment" against Ralston, within the meaning of section 2538, Revised Statutes; and, further, that an order refusing to tax costs in favor of the garnishee in such a proceeding is not appealable.

I. This record shows that Ralston was summoned as garnishee, required to answer interrogatories, that his answers were traversed, after which the proceeding against him was dismissed, and that he was put to costs and expenses to the extent of fifty dollars. We are of opinion that this dismissal was a failure "to recover judgment against such garnishee" within the meaning of section 2538, Revised Statutes, and that the court accordingly erred in refusing him an allowance in the sum of fifty dollars.

II. Whether the dismissal of this proceeding against Ralston and also of the separate proceeding against Madill, operated as a dismissal of the proceeding against Madill & Ralston as a partnership firm, is a question upon which the record does not call for an opinion. Nor do we deem it necessary to decide whether the separate notices of garnishment which were issued against Ralston were in the nature of separate suits. If they were in the nature of separate suits, then this one, which has been dismissed, is one of those suits, and Ralston is entitled to his costs therein. If they are merely in the nature of cumulative notices in the same suit, then there has been an abuse of process for which Ralston is not responsible, but for which the plaintiff is, and for which the plaintiff, and not Ralston, ought to pay. Having brought Ralston into court in answer to this notice, and exhibited interrogatories to him, and put him to the expense of answering, it does not lie in the plaintiff's mouth to say that he is not entitled to his costs for so answering.

III.   We are also of opinion that this is a final judgment or order, such as may be appealed from within the meaning of section 3710, Revised Statutes.   The general rule that a mere judgment for costs in a proceeding between party and party, which leaves the proceeding still pending, is not appealable, is not doubted.   The reason of that rule is that such a judgment is interlocutory merely.   Nor is the decision of the supreme court in *Jones v. Evans* (80 Mo. 565), and in other cases, to the effect that a judgment disposing of an attachment upon a plea in abatement is not such a final judgment as may be appealed from, of any application to the question before us ; because in such a case the suit still depends between the parties to it, and there has been no judgment finally disposing of it.   But this proceeding has been dismissed ; the garnishee has been sent out of court ; the inquiry is ended so far as he is concerned, and it, therefore, assumes the character of a "final judgment or decision" within the meaning of section 3710, Revised Statutes, and if, in rendering such final judgment or decision, the court refuses to allow the garnishee the costs to which the statute says he shall be entitled, he becomes "a person aggrieved thereby," within the meaning of the same section.

This is so, unless the plaintiffs are right in their further contention that this falls within the rule that no appeal lies from a judgment refusing to tax costs.   As already stated, the cases in which this is held proceed upon the ground that there has been no final judgment in the controversy between the parties.   This was the ground on which the supreme court proceeded in the case of *Smarr v. McMaster* (34 Mo. 204), which has been cited to us in support of the plaintiff's position.   The case of *Walton v. Walton* (19 Mo. 667), to which we are referred as supporting this contention, has no application, because it merely holds that the discretion of the trial court in awarding costs will not be interfered with upon appeal.   That case arose under the old chancery practice where the statute, following the rule of the

English chancery practice, left the granting or refusing of costs in the discretion of the judge of the trial court; and the supreme court merely applied the well known rule that the mere exercise of judicial discretion is not subject to review on appeal. But in this case, the statute, section 2538, Revised Statutes, vests in the judge no such discretion. It says: "The court shall render judgment in favor of such garnishee against the plaintiff for a sum sufficient to indemnify him for his time and expenses." In the construction of statutes there is a well known rule that the word "may" is often made to read "shall," where substantial rights are involved; but we know of no rule by which the word "shall," in a statute creating a distinct right in favor of a party, can be changed by judicial interpretation to read "may," so as to fritter away the right and make it a mere matter of judicial caprice. Here, a person having no connection with the pending litigation, is required by compulsory process to come into court and make disclosures in answer to interrogatories, and become a defendant in a proceeding, which, if not defended, may involve him in great loss. He obeys the process and defends the proceeding successfully, and justice requires that he shall be reimbursed in respect of "his time and expenses, and reasonable attorney's fees." The statute which says that the court, when the plaintiff in such a proceeding "shall fail to recover judgment against such garnishee," shall render judgment in favor of such garnishee against the plaintiff for a sum sufficient to indemnify him for "his time and expenses and reasonable attorney's fees in attending and answering and defending any subsequent proceedings as garnishee," confirms this right and places it outside of the category of mere matters of judicial discretion. If, upon the dismissal of such a proceeding against him, the court denies him this right, he is entitled to have it corrected by appeal.

In this case the evidence shows, without any conflict, that the reasonable attorney's fees, for which the garnishee became liable by reason of the process in question,

were of the value of fifty dollars, and we reverse the order of the circuit court and remand the cause, with directions to enter a judgment allowing him costs in this sum. All the judges concur.