LOID H. REDMAN, Appellant, v. ROBERT J. THOMAS Respondent.

**St. Louis Court of Appeals, February 4, 1890.**

1. **Costs: TENDER.** If the defendant in a cause admits his liability for a certain amount, which he has theretofore deposited in court, and pleads, but fails sufficiently to establish, a tender thereof, and the sole issue is whether his liability exceeds that amount, and the verdict is in his favor, the adjudication of costs rests in the discretion of the court.

2. ———: **DISCRETION OF TRIAL COURT.** When the apportionment of costs is confided to the discretion of the trial court, an appellate court will only interfere in the case of a manifest abuse of the discretion.

*Appeal from the Ralls Circuit Court.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*Bristow & Lighter*, for the appellant.

The instruction given by the court at the instance of the plaintiff on the subject of the tender was proper. 3 Sharswood's Black. Com., p. 304, note; *Kitchen v. Clark*, 1 Mo. App. 435. And the instruction given for the defendant on the same subject was, accordingly, erroneous. The court also erred in holding that the payment of money to the clerk of the circuit court of

Ralls county entitled the defendant to a judgment for costs. No notice of the deposit was given to the plaintiff, and he heard of it, for the first time, at the trial more than a year after the suit was commenced. The deposit was not sufficient for the further reason that the evidence fails to show that the plaintiff could have gotten the money, if he had elected to take it.

*A. M. Alexander* and *J. C. Peirsol*, for the respondent.

The tender having been made by the respondent, section 1007, Revised Statutes, 1879, gave him the privilege of paying the amount so tendered into court, and thereby avoid costs, if his adversary should insist on litigating the matter. When the money was paid into court for the appellant, it was *in custodia legis*, and appellant could, at any time, have received it by making application therefor. It had passed from the possession and control of respondent, and he no longer had any control over it. *Voss v. McGuire*, 26 Mo. App. 452. After making the tender the law gave respondent the right to deposit the money for the use of appellant in court, and it was the duty of appellant to make inquiry before he instituted suit on a demand on which he had been tendered the money by his debtor.

ROMBAUER, P. J., delivered the opinion of the court.

The only controversy in this case is one touching costs. The testimony tended to show that, prior to the institution of the suit, the defendant tendered to the plaintiff one hundred and eighty-five dollars in full payment of two notes held by the plaintiff, and there was some evidence, offered also by the defendant, tending to show that he at the date of the tender demanded a surrender of the notes. The plaintiff refused to take the money in full payment. The defendant thereupon, before suit brought, deposited it with the circuit clerk

of Ralls county, where the defendant resided, the plaintiff being the resident of another county; but neither the defendant nor the clerk advised the plaintiff of such deposit. When the suit was instituted, the defendant in his answer set up the tender and deposit in court, and claimed that less than the amount tendered was due to the plaintiff. The plaintiff sued for two hundred and seventy-seven dollars and fifty-four cents, and interest, and recovered a verdict for one hundred and eighty-one dollars and seventeen cents, and the court rendered judgment in his favor for one hundred and eighty-five dollars, and against him for the costs of suit.

The plaintiff appealing assigns for error that the court instructed the jury on the basis of an unconditional tender, while it appears by the plaintiff's evidence that the tender was conditional, and that the court erred in rendering judgment in favor of the defendant for costs.

The first error assigned may be disposed of with the observation, that it is wholly immaterial how the court instructed the jury on the question of tender, since the jury made no finding on that subject one way or the other. In regard to the second assignment we say this: Sections 992 and 993 of the Revised Statutes of 1879 contemplate that costs may be given at the discretion of the court, in favor of or against either party partially prevailing. The only controverted issue was the amount due, the defendant contending that no more was due than he tendered in court, and the plaintiff contending that ninety-two dollars and fifty-four cents more was due. The jury found that less was due than had been tendered. We are certainly not prepared to say that a party, against whom the only issue made by the pleadings is determined, is a party wholly prevailing within the contemplation of section 990 of the Revised Statutes, so as to entitle him to full costs as a matter of law, even though, owing to the shape of the controversy,

the final judgment entry is in his favor.    A case of that kind falls more properly within the purview of the two other sections above referred to.    Nor can we say, under the facts shown by the record, that the court abused its discretion in awarding costs, provided it had any discretion, as such abuse must be manifest to authorize us to interfere.    *Walton v. Walton,* 19 Mo. 668; *Dupont v. McLaran,* 61 Mo. 511; *Turner v. Johnson,* 95 Mo. 453.

Sections 1007 and 1009 of the Revised Statutes, which relate to costs in cases of tender, do furnish an imperative rule in favor of the recovery of costs by the defendant, where the tender is adjudged good, but those sections do not deprive the court of its discretionary power, under other sections of the statute, in cases where a tender found insufficient forms part of the issues.

While the evidence in this case touching an unconditional tender, followed up by such deposit in court as the statute contemplates, is not very satisfactory, and hence the duty of the court to award costs to the defendant may not have been imperative, the case does not present facts showing such abuse of judicial discretion as would warrant us to interfere.

All the judges concurring, the judgment is affirmed. So ordered.