M. P. GRIFFITH, Appellant, v. GEORGE JACKSON, Respondent.

St. Louis Court of Appeals, May 5, 1891.

1. **Justices' Courts : COSTS.** If a cause, instituted before a justice of the peace is removed by change of venue to another justice, the defendant may deposit with the constable of the latter justice's court the amount of a tender made by him before suit, and thereby entitle himself, under the provisions of section 6210 of the Revised Statutes of 1889, to a judgment for costs, if the judgment against him does not exceed the amount of the tender.

2. ———: ———. In the case of a tender under our statutes the constable or clerk, as the case may be, is a mandatary of the fund, and becomes the trustee of the other party. In making the deposit a party divests himself of all title, and his adversary is entitled to the money or thing deposited, regardless of the final result of the action. Hence, a return of the amount deposited by the constable to the party making the deposit is unauthorized, and does not affect the tender. *Held*, accordingly, that such return did not divest the party making the tender of the right to a judgment for costs, when the judgment against such party was only for the amount of the tender.

*Appeal from the Barry Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*A. H. Wear*, for appellant.

*N. Gibbs*, for respondent.

BIGGS, J.—This is an appeal from an order of the circuit court, taxing the costs of litigation against plaintiff. The action originated before a justice of the peace, where the defendant had judgment. The plaintiff appealed to the circuit court, where he recovered a judgment for $3. The court adjudged the costs against the plaintiff, and it is of this that he complains in this court.

The facts moving the court to its action respecting the costs were substantially these. The plaintiff sued the defendant on account for $102.90. Prior to the institution of the suit the defendant tendered to the plaintiff $3, which he claimed was all that he owed. Before the trial in the justice's court the defendant renewed the tender, and deposited the money with the constable. The plaintiff was defeated on the first trial, and, after the appeal was taken, the constable, under the advice of the justice returned the money to the defendant. In the circuit court, the defendant, prior to the trial, again tendered the money to the plaintiff,

and, upon his refusal to accept it, the money was deposited with the clerk. There was a trial in the circuit court, and at the close of the evidence the plaintiff asked, and the court gave, the following instruction: "The court instructs the jury that under the evidence in this case you should find the issues for the plaintiff, and assess his damages at the sum of $3."

It appears from the foregoing statement that the plaintiff, after a litigation of three years, finally yielded all matters of difference between himself and the defendant, and acceded to the terms of settlement offered by the latter before the suit was brought. But the plaintiff insists that the judgment against him for costs was unauthorized, because the tender before the justice was not made until after a change of venue had been taken, and it included no costs; and for the further reason that the tender was not kept alive.

In making the deposit in the first instance the defendant proceeded under section 6210 of the Revised Statutes of 1889, which reads:

"In all actions where, before suit brought, tender shall be made and full payment offered by discount or otherwise, in such specie as the party, by contract or agreement, ought to do, and the party to whom such tender shall be made doth refuse the same, and yet afterwards will sue for the debt or property so tendered, and the thing, if in money, shall be deposited before the trial of the cause shall commence with the constable of the township in which the suit is brought, or if not in money, committed under an order of the justice before whom the suit is brought to the constable aforesaid, the plaintiff shall not recover any costs in such suit, but the defendant shall recover costs, as if judgment in the cause had gone in his favor upon the merits."

The only pretense of a failure to comply with this section was, that the money was deposited with the constable of the township, to which the suit had been

transferred on change of venue, instead of the constable of the township in which the suit was brought.   A literal reading of the section would probably require the latter to be done ; but, when the section is considered as a whole and its practical application is consulted, it is quite apparent that the word "brought" means the place where the suit is pending, and includes the place to which the suit is brought by change of venue. Under the terms of the statute the defendant had the undoubted right to renew the tender and make the deposit at any time before the commencement of the trial.   If plaintiff's construction is to prevail, this right would certainly be abridged, because such construction would require the deposit to be made before the change of venue was awarded.  We think that the view taken of the statute by us is correct and the more reasonable.

The next position is that the tender was not kept good.   This contention is based upon a misconception of our statutory provisions concerning tenders.   Counsel have been led into this error by the rules applicable to common-law tenders.   At common law the party making the tender only made profert of the money at the trial.   He was required to keep his tender good by being ready at all times to pay the money, whenever the other party should demand it; but he was not required to divest himself of all title to the money or other thing tendered by deposit in court.   Under our statute the constable or clerk, as the case may be, is a mandatary of the fund, and becomes the trustee of the other party. In making the deposit a party divests himself of all title, and his adversary is entitled  to the money or other thing deposited, regardless of the final result of the action.   *Voss v. McGuire*, 26 Mo. App. 452.  Hence the return of the money by the constable in this case was unauthorized, and in no way affected the tender. The money belonged to the plaintiff, and the constable was answerable to him for it.   The subsequent deposit

with the clerk was unnecessary and unauthorized, but it was not to the plaintiff's disadvantage, and he ought not to complain. We, therefore, conclude that the duty of the circuit court to award costs to the defendant was imperative.

We will dispose of the case with the additional observation that the action of the court might be sustained under sections 2923 and 2924 of the Revised Statutes of 1889. Under these sections the taxation of costs in certain cases is left to the discretion of the court. It is only where the plaintiff *prevails* that it is the imperative duty of the court to award him costs. Sec. 2920. Can it be said in this case that the plaintiff is a prevailing party within the meaning of the statute, when he was defeated on the only controverted issue? *Redman v. Thomas*, 39 Mo. App. 143.

With the concurrence of the other judges, the judgment of the circuit court awarding costs to the defendant will be sustained. It will be so ordered.