VICTOR B. BUCK, Respondent, v. MIDLAND TOBACCO COMPANY, Appellant.

### Kansas City Court of Appeals, May 6, 1895.

**Landlord and Tenant:** ATTACHMENT FOR RENT: CITY PROPERTY. Under section 6384, Revised Statutes, 1889, the landlord may maintain an attachment for rent against the personal property of the tenant on the leased premises, whether situated in the city or country.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Kinley & Kinley* for appellant.

(1)   The attachment under the landlord and tenant act is for the purpose of enforcing the lien of the landlord against the crops raised on the demised premises in a simple and speedy manner.   R. S. 1889, secs. 6376 and 6384; *Dawson v. Quillen,* 43 Mo. App. 118; *Garroute v. White,* 92 Mo. 240.   The statute on this subject has been amended since 1855, so that the proceedings go against the crops raised on the premises, thus fixing the landlord's rights to attachment of and concerning premises on which crops are grown.   R. S. 1855, title, Landlord and Tenant; R. S. 1865, title, Landlord and Tenant; Act 1877, amending Landlord and Tenant Act, p. 285; R. S. 1879, Landlord and Tenant Act, sec. 3091; Session Acts, 1883, pp. 104–105. (2)   The statute since 1855 has provided a separate remedy to enforce claims for delinquent rent for premises in cities.   R. S. 1889, secs. 6371 and 6391, and following sections.

*Gage, Ladd & Small* for respondent.

The Revised Statutes of 1889 authorize an attachment of the personal property on leased premises for rent wherever such premises are situate, whether in the city or country, upon affidavit of the landlord or his agent of "one or more" of the grounds mentioned in section 6384, and one of those grounds is Revised Statutes, 1889, section 6384; also see sections 6385 to 6390, inclusive; *Kinnear v. Shands,* 36 Mo. 380; *Price*

*v. Roetzell*, 56 Mo. 500; *Hubbell v. Moss*, 65 Mo. 647; *Garroute v. White*, 92 Mo. 240; *Toney v. Goodley*, 57 Mo. App. 235.

ELLISON, J.—This is an attachment for rent due on a business house in Kansas City, based on section 6384, Revised Statutes, 1889. The ground for attachment was alleged to be for rent due and unpaid, after demand thereof. Judgment was rendered for plaintiff. The question for decision relates merely to plaintiff's right to an attachment. The defendant contends that since the property leased is property in a city whereon no crop was or could be grown, the statute which authorizes an attachment for rent due and unpaid, after demand, does not apply. In other words, that section 6384 only applies to such property as produces crops, or, at least, which is adapted for that purpose. Defendant has traced the amendments to the landlord and tenant statute, regarding a landlord's lien and his right to an attachment for the various causes now appearing in the statute, and has built a plausible argument thereon in support of this point which he made in the trial court and here. But our conclusion is that the general words, terms and scope of the statute are too plain to permit of the restricted application contended for. The statute, in terms, applies to all landlords, without distinction as to the location of their property, or the purposes for which it may be used. It applies, in apt terms, to property which produces crops. But so, also, do its terms include the various other sorts of rental real property. And so, therefore, our conclusion is that a landlord who rents houses in a city, may have an attachment for rent under the landlord and tenant statute. The judgment of the circuit court is, therefore, affirmed. All concur.