FRED SCHAFER, Respondent, v. P. ROBERTS, Appellant.

St. Louis Court of Appeals.    Argued and Submitted May 9, 1912. Opinion Filed June 4, 1912.

1. APPEALS: Docket Fee: Payment in Trial Court not Jurisdictional. The failure of an appellant to pay the docket fee to the clerk of the trial court in accordance with section 2041, Revised Statutes 1909, is not jurisdictional and does not invalidate an appeal otherwise properly allowed.

2. **BILLS OF EXCEPTIONS: Time for Filing: Act of 1911.** In a case where the "short record" was filed in the appellate court on February 17, 1911, a bill of exceptions, filed in the trial court on April 2, 1912 (which date was before the date appellant was required by Rule 12 of the St. Louis Court of Appeals to serve his abstract), was filed in time, under the Act of March 13, 1911 (Acts 1911, p. 139), providing that, in any case "now or hereafter" pending on appeal, the bill of exceptions may be allowed and filed at any time before the appellant shall be required by the rules of the appellate court to serve his abstract.

3. **LANDLORD AND TENANT: Attachment for Rent: Merchants.** Section 7896, Revised Statutes 1909, authorizing an attachment against a tenant for rent, if he is intending to remove, is removing, or has removed, property from the leased or rented premises, is applicable to a tenant who is carrying on business as a merchant and selling his stock from day to day.

4. **ATTACHMENT: Appeals: Rights of Defendant: Section 2335 Construed.** Section 2335, Revised Statutes 1909, which provides for two judgments in attachment suits, one on the issues raised by defendant's plea in abatement, and the other on the merits of the case, and that, on the trial on the merits, either party may appeal—the plaintiff from the finding on the plea in abatement or on the merits, as he may elect, and the defendant, "if at all, on the whole case"—does not mean that the defendant, on an appeal on the merits, must bring up the attachment proceedings for review, but merely that he may do so, and, if he does not, the matters involved in the trial on the merits are nevertheless reviewable.

5. **COSTS: Creation.** The right to costs is statutory, none existing at common law.

6. **ATTACHMENT: Costs: Landlord and Tenant: Action for Rent: Prevailing Party, who is.** Plaintiff brought an action for attachment under section 7896, Revised Statutes 1909, for rent becoming due thereafter. On a plea in abatement, judgment was rendered sustaining the attachment, whereupon defendant pleaded full payment of the rent as it became due, after the commencement of the action, on which plea judgment was rendered for defendant.

*Held* by NORTONI and CAULFIELD, JJ., that, under section 2263, Revised Statutes 1909, providing that, except when a different provision is made by law, the prevailing party shall recover costs, the costs accruing both before and after the determination of the issue raised by the plea in abatement should be taxed against plaintiff.

*Held*, by REYNOLDS, P. J., dissenting, that the attachment was properly brought and the presumption is, that but for it

Schafer v. Roberts.

the rent would not have been paid, and hence that, under section 2275, Revised Statutes 1909, providing that, upon plaintiff dismissing his suit or defendant dismissing the same for want of prosecution, defendant shall recover his costs against plaintiff *and in all other cases it shall be in the discretion of the court to award costs or not,* except in those cases in which a different provision is made by law, it was within the discretion of the trial court to tax against defendant the costs of the attachment which accrued prior to the determination of the plea in abatement; the authority conferred upon the court to thus tax the costs being "a different provision made by law," within section 2263.

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED (*with directions*).

*Phil H. Sheridan* and *Henry B. Davis* for appellant.

(1) The court should have sustained the objection of the defendant to the introduction of any evidence in this case, it appearing from the pleadings in the case that the debt had been fully satisfied. Thompson v. Elevator Co., 77 Mo. 520; Murphy v. Smith, 86 Mo. 333; R. S. 1899, sec. 1547; R. S. 1909, sec. 2263. (2) The instruction No. 1 offered by defendant should have been given. It is admitted by the pleadings and borne out by the proof that no debt was owed by defendant to plaintiff at the time of the trial. Thompson v. Elevator Co., 77 Mo. 520.

*R. A. Frazier* and *P. S. Terry* for respondent.

(1) In attachment suits, if the defendant appeal he must appeal upon the whole case. R. S. 1909, sec. 235; R. S. 1909, sec. 407; Bank v. Thornborough, 109 Mo. App. 639; Alexander v. Wade, 107 Mo. App. 321. (2) In attachment suits, the party appealing must give such bond as the courts shall require. R. S. 1909, sec. 2335. (3) Attachments are extraordinary proceedings and the proceedure is governed by the attachment act. The bonds required by that act are the bonds that must be given in attachment proceedings.

Link v. Troll, 84 Mo. App. 49; Link v. Troll, 84 Mo. App. 55. (4) Under the act of March 27, 1907, as re-enacted by section 2041, Revised Statutes 1909, the trial court cannot grant an appeal unless the docket fee in the appellate court is deposited with the clerk of the trial court and an appeal granted without such deposit be dismissed in the appellate court. Sager v. Railroad, 127 Mo. App. 22. (5) After suit is brought in attachment proceedings, upon demands not due, if the attachment be abated and the amount be tendered at its maturity, then plaintiff must pay the costs; but if the attachment be sustained, then the plaintiff is entitled to recover the costs from the defendant, for the reason that plaintiff had a right to bring the suit before the rent was due, and if the amount tendered did not include costs which had already accrued, then it was not sufficient to protect defendant from them. Audenreid v. Hull, 45 Mo. App. 202. (6) If plaintiff had a right to bring the suit then defendant is liable for all costs in an attachment suit. Audenreid v. Hull, 45 Mo. App. 202. (7) A change of conditions after an attachment suit is brought does not destroy the attachment lien nor alter the rights of the plaintiff. 3 Standard Ency. Pro. p. 819; Larimer v. Kelley, 10 Kan. 298. (8) The bill of exceptions filed in this case should not be considered for the reason that it was not filed until at least four terms of court had elapsed after the granting of the appeal. Bills of exception die with the term unless a further time is granted by the court. Blanchard v. Dorman, 236 Mo. 416.

REYNOLDS, P. J.—This action was commenced on the 18th of January, 1909, in the circuit court. Plaintiff also sued out an attachment under the provisions of section 4123, Revised Statutes 1899, now section 7896, Revised Statutes 1909. Filing bond, the attachment was duly issued and the defendant's prop-

erty, consisting of merchandise in his store, levied upon but retained by defendant, who gave a forthcoming bond. The object of the action was the recovery of rent payable in monthly installments of forty-five dollars each, the first installment falling due February 1, 1909, the second March 1, 1909, the third April 1, 1909, the fourth May 1, 1909, the fifth on June 1, 1909, the sixth and final installment due July 1st, the total rent which would fall due up to July 1st amounting to $270. A plea in abatement was filed, issue joined, and trial had thereon on July 19, 1909. The issue on that was found in favor of plaintiff, judgment sustaining the attachment and awarding costs to plaintiff following. Thereafter defendant interposed his answer admitting the execution of the lease and pleading full payment and satisfaction thereof.

The reply admits that defendant had paid the total $270, but avers that all of it was paid after the institution of the suit, and that at the time defendant paid the $270, as that amount fell due in monthly payments, defendant knew that this action was pending and that $36.20 costs had accrued, as shown by the fee bill attached to the reply, and that defendant had neither paid nor offered to pay any of the costs that had accrued in the cause, wherefore plaintiff prayed judgment against defendant for $36.20 and all costs.

Trial was before the court and a jury on September 22, 1912. At the conclusion of the evidence defendant asked the court to instruct the jury that under the pleadings and evidence the jury would find for defendant. The court refused this, defendant excepting. The court of its own motion submitted an instruction to the jury to determine whether the several amounts mentioned in the petition and involved in this action had been fully paid by defendant and if so when paid. The jury returned a verdict that the rents had all been paid as they fell due. The court

entered up judgment that on the issues submitted to the jury it appeared that the several amounts mentioned in the petition and sued for by plaintiff have been fully paid, whereupon the court ordered and adjudged that plaintiff take nothing by his action and that defendant go thereof without delay (day) in so far as the several amounts sued for in the petition are concerned. The judgment further recited that it appearing to the court from the verdict of the jury on the issues submitted that all sums mentioned in the petition and involved in the action had been paid by defendant to plaintiff subsequently to the institution of the suit, the court found that defendant was liable for the costs accrued in the cause, none of which the court finds had been paid. It was therefore adjudged that plaintiff have and recover of defendant "all the costs accrued in this cause and that he have execution therefor." The judgment further proceeds to set out that it is considered and adjudged that in accordance with the finding of the jury on the plea in abatement in the cause, the attachment be and is sustained and that as the attached property remained in possession of defendant under the forthcoming bond which he gave, it is ordered that that property be delivered to the sheriff of the county, "to the end that the same or enough thereof be sold by said sheriff for the purpose of the payment of the costs accrued in this suit and for the cause of which judgment was rendered against defendant." Defendant in due time filed his motion for a new trial of the cause on the merits and to set aside the judgment. That being overruled, exception was saved and the cause brought here by defendant on appeal.

Learned counsel for respondent have attacked in proper form the abstract in this cause, claiming that the appeal should be dismissed for failure of appellant to pay the docket fee to the clerk of the trial court and that the payment of that is jurisdictional and for

lack of it having been made, the appeal should be dismissed.

In Reinauer v. Wabash R. Co., 210 Mo. 109, 108 S. W. 531, our Supreme Court distinctly ruled that the failure to pay this so-called docket fee to the clerk of the trial court, is not jurisdictional and will not invalidate an appeal otherwise legally allowed, the docket fee having been duly paid to the clerk of the Supreme Court. In this case the docket fee was duly paid to the clerk of this court.

It is also urged as a reason why we should not open up any more than the record proper in the cause, that no bill of exceptions has been filed within the time required by law. The bill of exceptions was signed by the circuit judge and filed in open court April 2, 1912. The transcript of the judgment and order allowing the appeal was filed in this court February 17, 1911. Appellant's abstract was served on the attorney for respondent April 8, 1912, and filed in this court April 9, 1912. The cause was on our docket for hearing May 9, 1912.

Under the provisions of the first section of the act of the General Assembly approved March 13, 1911 (Acts 1911, p. 139), repealing section 2029, Revised Statutes 1909, and enacting a new section in lieu thereof, it is provided: "In all cases now and hereafter pending on appeal in the Supreme Court and in any of the Courts of Appeals, the bill of exceptions therein may be allowed by the trial court, or the judge thereof in vacation, and filed in such court, or with the clerk thereof in vacation, at any time before the appellant shall be required by the rules of such appellate courts respectively to serve his abstract of the record, and for the purpose of determining whether such bill of exceptions shall have been filed within such time such appellate court shall make reference to its docket." By rule 12 of our court, in all cases where, under the provisions of section 2048, Revised

Statutes 1909, the appellant shall have filed in this court a copy of the judgment, etc., in lieu of a complete transcript, as was done in this case, he shall make and deliver to the respondent a copy of his abstract at least thirty days before the cause is set for hearing. It will be seen by the above statement, that that was done in this case, the abstract having been delivered to respondent's counsel thirty days before the appellant was required by our rules to serve a copy of the abstract. The statute and the rule of court have been complied with and the bill of exceptions is properly before us.

Counsel for respondent attack the appeal on another ground, which we will notice later.

Learned counsel for appellant, in oral argument, attack the proceeding by attachment, claiming that what is now section 7896, Revised Statutes 1909, is not applicable to the case of merchants who are carrying on business and selling their stock from day to day. We might dispose of this by saying that the attachment is not before us. We find no exception in section 7896 of the statutes; it is general in its application. No matter in what occupation the tenant may be engaged, when the cause for attachment prescribed by the statute exists, the goods and chattels of that tenant are subject to the provisions of this section. [Buck v. Midland Tobacco Co., 62 Mo. App. 175.]

It appears by examination of the supplemental abstract filed by counsel for respondent, that the jury returned a verdict in favor of plaintiff on the issues joined on the plea in abatement of the attachment. Thereupon judgment was rendered for plaintiff sustaining the attachment and awarding the costs of attachment to plaintiff. There was no motion for a new trial filed as to the proceedings under the plea in abatement of the attachment and no appeal as to the judgment on that in favor of plaintiff by defendant. Following this judgment on the attachment, defendant

answered, plaintiff replied, and the cause went to trial on the merits. On that issue defendant prevailed. Whereupon the court, as we have seen, taxed all the costs of the cause against defendant.

Section 2335 of the revision of 1909, provides that upon the issue raised by the plea in abatement, the plaintiff shall be held to prove the existence of the facts alleged by him as the ground of the attachment, "and if the issue be found for him, and the court denies defendant a new trial of said issue, judgment shall be rendered against defendant, sustaining the attachment, and for the costs of the attachment proceedings, and the defendant may file his bill of exceptions as upon any other matter in the proceedings, and answering to the merits shall not be a waiver of such exceptions, and the cause shall proceed to trial upon the merits." It is further provided in the same section, that "upon the trial of the case upon the merits, either party may appeal—the plaintiff from the finding on the plea in abatement, or on the merits, as he may elect, or both; the defendant, if at all, on the whole case." Here no motion for a new trial on the plea in abatement was filed by defendant, of course none acted upon by the court, nor has the defendant filed any bill of exceptions covering the proceedings upon the plea in abatement. His motion for a new trial, his bill of exceptions cover only the proceedings at the trial on the merits. This being the situation, we are met with a question of first impression as to the application of the statute to these facts. As has been noted, the statute seems to provide for two judgments: one on the plea in abatement, one on the judgment. But it gives a right of appeal only after there has been a judgment both on the plea in abatement and on the merits. When providing for an appeal on the part of plaintiff, he is allowed to appeal either from the finding on the plea in abatement, or on the merits, or on both.

Whereas the defendant, upon trial of the case upon the merits, may appeal, "if at all, on the whole case."

It is rather difficult to determine just what this latter clause means. Does it mean that if defendant appeals, he must appeal from the action on the plea in abatement as well as on the merits, and that unless he appeals as to both, he has no right of appeal at all?

Counsel for respondent contend for this, and assign the failure of defendant to appeal "on the whole case," that is, on both the judgment sustaining the attachment and that on the merits, as fatal to this appeal. We hardly think that is within the meaning of the statute. The defendant may prevail in the attachment and lose on the merits. Is he to be debarred from any appeal unless he also brings up the proceedings under the attachment? We think not. We think that the statute, as to this is permissive—meaning that if defendant appeals at all, he may appeal on the whole case; not meaning that he must do that. It is clearly provided that neither party can appeal at all until judgment goes on the merits. If defendant elects to appeal from the judgment on the merits, and does not elect to bring up the proceedings under the attachment, we hold that he is within his right and can open up any matters involved in the trial of the cause on its merits.

Our court in Bockhoff v. Gruner, 47 Mo. App. 22, following the Supreme Court in State to use v. Beldsmeier, 56 Mo. 226, held that "a final judgment for defendant on the merits in any attachment suit necessarily dissolves the attachment, regardless of any judgment on the plea in abatement." These decisions were under our law as it stood prior to the Act of 1891 (Acts 1891, p. 45), which act repealed section 562, Revised Statutes 1889, and enacted what is now section 2335, Revised Statutes 1909, in lieu thereof. We do not think that this amendment changed the law un-

der which those decisions were rendered in so far as affects the point under consideration. But neither of these cases touches the question of costs.

We are presented here with a different state of facts from the facts in those cases. When plaintiff commenced his action there was a debt evidenced by the covenants of the lease, not then due, it is true, but to fall due. To secure payment of that plaintiff, having cause to believe that defendant was about to remove his effects from the leased premises, commenced his action by attachment, as authorized by statute, and on the trial of the issue on the plea in abatement of the attachment, the existence of the grounds for the attachment was established by the verdict of the jury. So that it was not a causeless attachment, nor a vexatious or malicious one, as seems to have been the fact in those cases. Here it seems clear that but for the attachment plaintiff was in danger of losing his debt, the rental, as it was to fall due.

Between the institution of this action and the filing of the answer to the merits, defendant chose to pay all the installments of rent as that rent became due. The jury found that at the time of the trial of the cause on its merits he had paid all the rent. The installments seem to have been sent to plaintiff in the form of checks as each monthly installment of rent fell due, and this without any demand from plaintiff. Plaintiff accepted each payment without reservation, without any mention of or understanding as to the payment of costs. The majority of the court think that under the decision of our Supreme Court in Thompson v. Union Elevator Co., 77 Mo. 520, plaintiff is liable for all the costs as well those accruing before as after the determination of the issue on the plea in abatement. I do not think that the case at bar is such an one as is presented in Audenreid v. Hull, 45 Mo. App. 202, a case relied on by counsel for respondent. In that case there was a tender but no acceptance. Here

plaintiff accepted the payments: there he refused, and I think as to the taxation of the costs which had accrued under the attachment, a different question is presented.

Section 2263, Revised Statutes 1909, provides that in all civil actions the party prevailing shall recover his costs against the other party, "except in those cases in which a different provision is made by law." The right to costs is statutory, none existing at common law. [City of St. Louis v. Meintz, 107 Mo. 611, 18 S. W. 30.] If this section 2263 stood alone I have no doubt that the learned trial court was in error in taxing any of the costs against plaintiff. But we have another section of the statute that I think must be taken into consideration. That is section 2275, Revised Statutes 1909, which reads: "Upon the plaintiff dismissing his suit, or defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law." As the corresponding section appeared in the Revised Statutes of 1845, it read: "Upon the complainant dismissing his bill in equity, or defendant dismissing the same for want of prosecution, the defendant shall recover against the complainant his costs; and in all other cases in equity, it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law." [R. S. 1845, sec. 18, art. 1, chap. 35, p. 244.]

Our Supreme Court construed this section in connection with what is now section 2263, in Walton v. Walton, 19 Mo. 667. That was an action in equity decided in 1854, but under sections 6 and 18 of the chapter and article of the revision of 1845 above cited. It appears from the statement of facts in the case that after the cause had been first tried and taken on ap-

peal to the Supreme Court where it was reversed and remanded, the defendant was permitted to file an amended answer, inserting in that answer an additional item of money paid since the former judgment, for which he claimed he should be credited in taking the account. It was by the interposition of this payment, made after the institution of the action, that the demand of plaintiff was not only wiped out but defendant became entitled to and recovered a judgment against the plaintiff for a small amount. The trial court taxed the costs against the plaintiff, who moved to set this aside and tax them against the defendant. That motion being overruled, he appealed to the Supreme Court. Judge RYLAND, after quoting the two sections of the statutes above referred to, says (l. c. 668) that although this contention of the complainant may be strictly just and equitable, ''still it does not take away the discretionary power of the court below. The question here is, not what this court would have done in the premises, had the case been before us, as a court of original jurisdiction, but whether the court below has abused its discretion. We are not willing to say that there has been an abuse of such discretion in giving costs for the defendant in this action.'' The judgment of the circuit court was accordingly affirmed.

It is true that that was an action in equity while the one before us is an action at law. That decision was rendered in a cause occurring prior to the adoption of our code by the act approved February 24, 1849. That code, as is of course well known, by the first section abolished the distinction between actions at law and suits in equity. From then on we have had in this state but one form of civil action. Following this abolition of the distinction between actions at law and suits in equity in the revision of 1855, while what now appears as section 2263 of the revision of 1909 appeared word for word as it had in the revision of 1845, there known as section 6, chapter 40, article 1, page

442, what had been section 18, article 1, chapter 35, of
the revision of 1845 and before referred to, appears in
the exact wording of what is now section 2275, Revised
Statutes 1909, appearing as section 18 of article 1,
chapter 40 of the revision of 1855.

While it is true that it has always been held in
our state that in equitable actions the taxation of costs
or their apportionment between the parties was in
the discretion of the court, no case has been found
in which a construction of this section 2275 has been
involved, which limits that section to suits in equity.
To do that would involve separation of actions at law
from suits in equity, in so far as this is concerned.
While it is also true that our courts have held that
notwithstanding the abolition of the distinction be-
tween the forms of action, the principles upon which
the two classes of causes are to be determined are still
preserved, this cannot and does not reach the point
here involved, and certainly does not create a distinc-
tion which the amendment to old section 18 has clearly
abolished.   Certainly we find no case overruling the
decision in Walton v. Walton, supra.  It was referred
to in Ellison v. Ralston, 19 Mo. App. 537, l. c. 540, but
with the remark that it was a case which arose under
the old chancery practice where the statute followed
the rule of the English chancery practice, that the
granting or refusal of costs was in the discretion of
the judge of the trial court.  The learned judge who
wrote that opinion, however, overlooked the fact that
section 18 of the revision of 1855, before referred to,
now section 2275, Revised Statutes 1909, was not
merely a change of section 18 of the revision of
1845, before referred to, of the name from
complainant to plaintiff, but was made to meet
the new code which had abolished the distinc-
tion between actions at law and suits in equity.
Walton v. Walton is cited approvingly by Judge Rom-

166 Mo. App.—6

BAUER in Redman v. Thomas, an action at law, 39 Mo. App. 143, l. c. 146, in support of the proposition that this court cannot say "under the facts shown by the record, that the court abused its discretion in awarding costs, provided it had any discretion, as such abuse must be manifest to authorize us to interfere." It is cited approvingly by Judge NORTON in In re Wilson, 95 Mo. 184, l. c. 188, 8 S. W. 369, a cause originating in the probate court, in support of the proposition "that the erroneous exercise of judicial discretion is properly reviewable by an appellate court," citing also Carr v. Moss, 87 Mo. 447. In this latter case (l. c. 450), Judge HENRY says that the Supreme Court is not "disposed to interfere with trial courts in the exercise of the discretion with which the statute has invested them, except where there has been a manifest abuse of that discretion."

It seems very illogical to hold that this section applies only to suits in equity, when it specifically refers to all actions and when our code has abolished all distinction between actions at and suits in equity. It therefore seems clear to me that we are controlled in this case by the decision of our Supreme Court in Walton v. Walton and must hold that the taxation of costs in this case, although an action at law, was, under section 2275, within the discretion of the trial court. Unless we are prepared to say that there was an unwise exercise of the discretion lodged in him or an abuse of that discretion, I think we are bound by the action of that learned court in the taxation of costs accrued in the attachment branch of this cause against the defendant. As before remarked, the facts of the case, as established by the verdict of the jury on the plea in abatement, established beyond question the fact that the attachment was properly brought and the presumption is that but for the levy of the attachment and the seizure of the goods of the defendant plaintiff would have lost his debt. I am therefore clearly

of the opinion that under the circumstances and facts in the case, it was within the discretion of the learned trial court to tax the costs of the attachment against defendant.

So far as the judgment seems to tax the costs of the whole case against the defendant, I do not think that the discretion of the learned trial court was properly exercised. All the costs in the case that accrued subsequent to the determination of the plea in abatement, as evidenced by the verdict of the jury and the judgment of the court on that issue, should be taxed against the plaintiff, he having received full satisfaction of his debt pending the final disposition of the case.

I do not think the decision in Murphy v. Smith, 86 Mo. 333, one of the cases relied on by my learned associates, meets the facts here before us. Nor do the facts in the case of Thompson v. Union Elevator Co., supra, meet the facts here in evidence. In this latter case there was a stipulation as to dismissal and that stipulation made no provision as to costs. All that is there decided is that the parties having failed to provide for costs, they are to be taxed in the usual manner as on dismissal by plaintiff.

While I think that the judgment of the circuit court must be reversed for the reason above stated, and the cause remanded, I think it should be with directions to the circuit court to enter up judgment for plaintiff as to taxable costs connected with the attachment to and including the determination of the issue under the plea in abatement, and for defendant as to all taxable costs accruing since that determination. Section 2263 provides for recovery of costs by the prevailing party, "except in those cases in which a different provision is made by law." I think that when section 2275 provides that upon plaintiff dismissing his suit or defendant dismissing the same for want of prosecution, neither of which here oc-

curred, "a different provision is made by law," and that that different provision has here intervened. It is provided by this same section that "in all other cases it shall be in the discretion of the court to award costs or not." This case, as I think, presents a situation outside of the general rule and is one of the "other cases," not within the first clause of either section. The provision in the attachment act, that if the attachment is sustained, plaintiff shall recover his costs, is a positive enactment: is a case in which "a different provision is made by law" for the recovery of costs. Plaintiff did sustain his attachment and was awarded his costs. To entirely reverse takes them from him. Under the facts in this case I think it was within the discretion of the trial court to allow him those costs adjudged him in the attachment, although he lost the case on final trial, it appearing that preceding the final trial defendant had paid the debt, and plaintiff could not therefore recover on that.

Judges NORTONI and CAULFIELD, however, do not concur in the view that the costs should be apportioned between plaintiff and defendant. They believe that under the decisions of our Supreme Court in Thompson v. Union Elevator Co., supra, and Murphy v. Smith, supra, no costs whatever can be taxed against defendant and that all of them must be taxed against plaintiff, the latter not having prevailed and not being entitled to prevail in the trial upon the merits. They are of the opinion that the judgment should be reversed and the cause remanded with directions to the circuit court to tax all the costs against plaintiff. Accordingly it is so ordered.