# WILLIAM REINAUER v. WABASH RAILROAD COMPANY, Appellant.

### In Banc, February 27, 1908.

1. **APPEALS: Docket Fee: Act of 1907.** By the strict letter of the law prior to the Act of 1907 there is no such thing as a "docket fee" for filing cases in the appellate courts, but the ten dollars allowed clerks of such courts by section 3241, Revised Statutes 1899, in lieu of all other fees, was no doubt commonly called a docket fee, and it was therefore perhaps that allowance of ten dollars which the Legislature had in mind when in 1907 it enacted that "no appeal shall be allowed in any civil cause by any trial court to the Supreme Court, Kansas City Court of Appeals or St. Louis Court of Appeals, until the docket fee of ten dollars in such appellate court shall have first been deposited with the clerk of the trial court."

2. ———: ———: ———: **Failure to Pay.** The payment of the fee of ten dollars to the clerk of the trial court is not jurisdictional. A failure to pay it to the clerk will not invalidate an appeal otherwise legally allowed. When failure to comply with the statute is not called to the attention of the trial court, such failure is an irregularity, which can be cured in the further pro-

ceedings by the payment of these costs to the clerk of the appellate court, for costs they are. But if timely objection is made to the trial court, it will be authorized to refuse the appeal for failure to pay such fee of ten dollars, if the term "docket fee" used in the Act of 1907 means the costs provided for by section 3241, Revised Statutes 1899, which is not decided.

3. ———: Untimely: Excuse: Affidavits. If an examination of the affidavits filed in support of and against the motion to affirm, satisfies the court that appellant has a statutory excuse for his failure to file the transcript fifteen days before the first day of the next term, where the appeal was taken sixty days before such first day, the motion to affirm will be overruled.

## On Motion to Affirm.

MOTION OVERRULED.

*Willard P. Cave* for the motion.

*J. L. Minnis* and *Robertson & Robertson* against the motion.

GRAVES, J.—This is a motion to affirm a judgment. At the June term, 1907, of the circuit court of Randolph county, and on June 26, 1907, the plaintiff recovered judgment against the defendant in the sum of $6,300. On the same date motion for new trial was filed and overruled and an appeal granted to defendant to this court. Certified copy of the judgment and order granting the appeal was not filed here until December 5, 1907, which was long after the opening of our regular October term. The motion to affirm is based upon a failure of appellant to comply with rule No. 28 of this court and sections 812 and 813, Revised Statutes 1899, and also a failure to comply with the following recent act of the Legislature:

"Section 1. No appeal shall be allowed in any civil cause by any trial court to the Supreme Court, Kansas City Court of Appeals or St. Louis Court of Appeals until the docket fee of ten dollars in such ap-

pellate court shall have first been deposited with the clerk of the trial court.

"Sec. 2.   All acts and parts of acts inconsistent with this act are hereby repealed.

"Approved March 20, 1907."   [Laws 1907, p. 121.]

The docket fee was paid to the clerk of this court upon the filing of the short transcript, December 5, 1907.   There are affidavits and counter affidavits as to the facts which would go to make out an excuse, under the statute, for a failure to file in time.   Upon these the court was satisfied that the statutory excuse for the failure to file the transcript here appeared, so the necessity of going into this matter is obviated.   This court has overruled the motion to affirm, but inasmuch as such action necessarily involved the construction of the legislative act quoted above, it was thought best to give expression to our views by written opinion, and the case was assigned for an opinion.   To that question alone the opinion will be directed.

The sole question presented, to our mind, is whether or not this new statute is of such a jurisdictional character as would invalidate an appeal otherwise duly granted.   In other words, the contention here is to the effect that, notwithstanding the fact of an appeal having been duly granted, by a court of general jurisdiction, yet such order granting the appeal is void because of a failure to deposit ten dollars, as per the requirement of the statute quoted.   We are not inclined to agree with the contention of respondent.   By section 3241, Revised Statutes 1899, the clerk of the Supreme Court and the clerks of the Courts of Appeal are allowed, in lieu of other fees, the sum of ten dollars to be paid by appellant or plaintiff in error.   If appellant or plaintiff in error is successful he is entitled to recover back this fee so paid by him.   This Act of 1907 evidently undertakes to require the payment of these costs, lumped by the statute at the sum of $10,

to be made to the circuit clerk, presumably for the use and benefit of the clerk of the appellate court entitled thereto, although there is no direction given for the payment of the sum deposited with the circuit clerk to the proper clerk of the appellate court. The statute is extremely vague upon this question. It might be presumed, though not written in the statute, that the circuit clerk would send this sum to the proper appellate clerk. The statute speaks of "the docket fee of ten dollars in such appellate court," when there is in fact no such fee allowed by law. The only statute is section 3241, and in that section the ten dollars is not mentioned as a "docket fee," but as an allowance made in lieu of all costs in the case, and is in fact costs allowed the clerk of the appellate court, which costs are lumped at ten dollars, covering the several items of labor to be done by the clerk in the disposition of the case, including a certified copy of the opinion and judgment in the case. This may be commonly called a docket fee, but it is not so written in the law. To our mind the Act of 1907 refers to a matter not theretofore written in the law. The act itself, however, does not undertake to impose additional costs, but mistakenly refers to a "docket fee" as if such had been required by previous statute, when in strictness no such fee by name is mentioned. The law reads:

"Clerks of the Supreme Court and Courts of Appeal, in lieu of other fees, shall severally be allowed and paid by the appellant or plaintiff in error a fee of ten dollars, which shall include all the costs in the case, including a certified copy of the opinion and mandate to the court from which said cause shall be sent, and all fee-bills and executions issued in said cause: *Provided,* that nothing herein shall be construed to apply to any one who was permitted, as provided by law, to sue as a poor person."

Thus strictly speaking there is no such thing in

the law as a "docket fee" to clerks of the appellate courts, and this new statute, whilst not especially creating additional costs, calls for the payment of a fee, presumably previously created and provided for, when in the strict letter of the previous law no such fee has been provided for or created. Docket or case filing fees have been created by statute. [R. S. 1899, sec. 9702.] This section provides for a case filing fee of two dollars in circuits composed of one county. And in this sense the term may be said to have been legally defined. However, this ten-dollar allowance in lieu of other costs provided for by section 3241, supra, has no doubt been commonly called a docket fee and this perhaps lead the Legislature to thus denominate these costs, rather than to refer to them as they are allowed and provided for in section 3241. Upon this narrow ground the motion to dismiss the appeal might have been overruled, but we prefer to put it upon a broader ground.

We are not impressed with the view that the payment of this fee is necessarily jurisdictional. Nor is it such a condition precedent as will invalidate an appeal otherwise legally allowed. We are of the opinion that the failure to comply with this statute, when such failure is not called to the attention of the trial court, is an irregularity, which can be cured in the further proceedings by a payment of these costs, for costs they are.

By section 833 a party applying for a change of venue must deposit with his application the sum of ten dollars, the language of the statute being:

"Whenever any change of venue is applied for in any civil cause from any circuit court of any county, or city constituting a county, to any other county or such city, in another circuit, the party or person applying for such a change of venue shall, with his appli-

cation, deposit with the clerk of the circuit court the sum of ten dollars; and thereupon, if such change of venue is awarded the clerk of said court shall transmit said sum of ten dollars, together with the transcript and proceedings in the cause, to the clerk of the court to which the removal is ordered; and no transcript shall be transmitted or received by any clerk on such change of venue, as aforesaid, unless said sum of ten dollars shall accompany such transcript: Provided, however, that whenever any cause shall be transferred to another circuit by agreement of parties, such sum shall be paid by both parties, before any change of venue is awarded, in equal shares, and transmitted as aforesaid.''

This statute has been before this court in the recent case of Cunningham v. Railroad, 165 Mo. 270, wherein we held that a change of venue granted without said sum having been deposited, would not authorize the trial judge at a subsequent term to vacate the order granting the change of venue, and that the change was as effectively had as if the deposit had been made with the application. So under the statute before us we take it that the statute means that this deposit should be made when the application for the appeal is made, yet if it is not made, and no objections are urged at the time, and the appeal is granted, the jurisdiction of this court is as effective as if the deposit had been made with the application for appeal, provided the appellant can run the gauntlet with our clerk under section 3241, supra.

On the other hand, if timely objections are made in the trial court, such court would be fully authorized to refuse the appeal, if it can be said that the term ''docket fee'' used in the act means the costs provided for by section 3241. [State ex rel. v. Flournoy, 160 Mo. 324.] Whether it can be so said we have not thus far expressed any definite opinion and do not do so now. To

say the least the statute is somewhat vague in description.

For the reason hereinabove expressed, the motion. to affirm the judgment is overruled.

All concur, except *Woodson, J.,* who dissents.