TAD KATTERING, Appellant, v. CHESTER B. FRANZ, a Corporation, Respondent, No. 41741—231 S. W. (2d) 148.

Division One, June 13, 1950.

Motion for Rehearing Overruled in Per Curiam Opinion Filed, July 10, 1950.

855

*Green & Green, Will H. D. Green* and *H. D. Green* for appellant.

*Miller & Fairman, J. Weston Miller* and *M. J. McQueen* for respondent.

HYDE, J.—Action for $15,000.00 damages for personal injuries. Verdict was for defendant and plaintiff has attempted to appeal from the judgment entered.

Defendant has filed a motion to dismiss the appeal which we think must be sustained. The judgment in this case was entered March 31, 1949. A motion for new trial was filed on April 5, 1949 which was overruled, by operation of Section 847.118 Mo. R. S. A., 90 days thereafter. It appears that on July 11, 1949, the Clerk of the Circuit Court of Ozark County received (by mail) a notice

of appeal which he marked filed but did nothing further because no docket fee was deposited as required by Section 847.129 Mo. R. S. A. On September 25, 1949, plaintiff obtained an order in the Circuit Court of Ozark County extending the time for filing transcript for a period of 90 days from said date; and, on October 8, 1949, he deposited the docket fee of ten dollars with the clerk. A copy of the notice of appeal was then sent to the clerk of this Court, with the docket fee, and to defendant's attorney.

One of the purposes of the 1943 Code of Civil Procedure was to speed up litigation. (Sec. 847.2 Mo. R. S. A.) It was particularly· intended to eliminate delay in the period after judgment in the trial court. That was the reason for abolishing writs of error in civil cases (Sec. 847.125 Mo. R. S. A.), fixing limited periods for filing and acting on motions for new trial (Sec's. 847.116, 847.118 and 847.119 Mo. R. S. A.), and for taking appeals. (Sec. 847.129 Mo. R. S. A.) Likewise, Sec. 847.137 Mo. R. S. A. provided for the transcript of appeal to be filed with the appellate court within 90 days from the filing of the notice of appeal. While Sec. 847.138 authorized extension of this time, we have limited this by Rule 3.26, to a total period of six months, for the purpose of requiring prompt action by the appellant. While liberal discretion is given the courts to extend time for many acts in the interest of justice, there are some after judgment time requirements as to which there is no authority to act. Courts "may not enlarge the period for filing a motion for or granting a new trial * * * or taking an appeal." (Sec. 847.6 Mo. R. S. A.) As a safeguard (of which plaintiff herein did not attempt to avail himself) authority is given the appellate courts (upon proper showing) to grant a special order for an appeal within six months after final judgment. (Sec. 847.130 Mo. R. S. A.) One cause of delay and congestion of appellate dockets under the old Code was that appeals would be allowed by trial courts under repealed Section 1187, R. S. 1939, without payment of docket fees. (See Reinauer. v. Wabash Railroad Co., 210 Mo. 109, 108 S. W. 531.) These cases could not be filed in the appellate courts until the docket fee was paid and it often became necessary for the respondent to pay the docket fee to get a dismissal. When the respondent did not do so, many cases remained suspended for years between the trial court and the appellate courts. This condition made it impossible to know the true condition of appellate court dockets as such cases might come in at any time, and it was unfair to the winning party to thus prevent the final determination of the case. This condition also made it very difficult for appellate courts to keep their dockets current.

Therefore, the provision in the new Code concerning this requirement was more specifically stated than in old Section 1187, as follows: "The docket fee of $10.00 in the appellate court shall be deposited

with the clerk of the trial court at the time of filing the notice of appeal.'' (See Sec. 847.129 Mo. R. S. A.) In order to make the meaning of this absolutely clear, we adopted the two following rules: "1.29. If the clerk of the trial court fails to transmit the appellate court docket fee with the notice of appeal, the clerk of the appellate court shall not file such notice but shall return it to the clerk of the trial court.''

"3.28. No notice of appeal shall be accepted and filed by the clerk of any trial court unless the appellate court docket fee, required by Section 129, 1943 Act, is deposited therewith.''

If these rules are not followed, the result would be to create again the same conditions which our new Code sought to remedy. Parties could determine for themselves how long they would take to decide whether they wanted to appeal and when they should commence to prepare the transcript on appeal. Thus the provisions of Sections 129 and 137 of the Code would be nullified and appellate courts would be without information as to the actual condition of their dockets. We cannot permit such complete disregard of these important rules which would have such disastrous results to impede the prompt administration of justice. We have construed the Code liberally in order to make decisions on the merits whenever possible; and we have held that "the filing of a notice (of appeal) is the only requirement necessary to invoke appellate jurisdiction,'' and that "thereupon the appeal becomes 'effective'.''. Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S. W. (2d) 657, 660.) However, Section 129 and Rule 3.28 together determine what is a valid filing, which makes an appeal effective; and appeals cannot be both effective and in abeyance at the whim of the prospective appellant. We, therefore, hold that there can be no valid filing of a notice of appeal until the docket fee is paid and that there was no notice of appeal legally filed within the required time in this case. It follows that this appeal must be dismissed.

It is so ordered. All concur.

## ON MOTION FOR REHEARING.

 PER CURIAM:—Plaintiff's motion for rehearing, supported by affidavits, states that plaintiff's attorneys intended to and believed in good faith that they had enclosed a check for the Supreme Court docket fee with the notice of appeal which they sent by mail to the Circuit Clerk of Ozark County and which was received by him on July 11, 1949. They also say that no actual delay of the appeal was caused and that defendant's attorneys should be estopped because of permitting the transcript to be made, and briefs filed, at plaintiff's cost.

We are convinced that plaintiff's attorneys acted in good faith and we did not intend to convey any other impression in our discussion of the reasons for adopting Sec. 129 of the Code and Rule 3.28. However, the Code (Sec. 130) provides a remedy for such a situation and many others in which failure to file a notice of appeal within the time required by Sec. 129, was not due to culpable negligence. This is the only remedy for failure to file a notice of appeal, not later than 10 days after the judgment appealed from becomes final, because Sec. 6 of the Code says Courts ''may not enlarge the period for * * * taking an appeal as provided by this Code.'' Therefore, the only remedy for failure to comply with Sec. 129 is that provided in Sec. 130 for appeal by special order. We have been liberal in applying Sec. 130, upon a showing that there is merit in any point an appellant wishes to present on appeal and have frequently granted such relief where failure to comply with Sec. 129 was due to inadvertence or oversight. However, after the six months period has passed there is no other remedy and no method of taking an appeal available in a civil case.

The motion for rehearing is overruled. All concur.