Petition of **UNION ELECTRIC COMPANY,** a corporation, Petitioner-Respondent,

**Charles Jones, Esther Jones, Robert C. Stark and Charles F. Baur, Objectors-Appellants.**

No. 8130.

Springfield Court of Appeals.

Missouri.

April 11, 1962.

Robert B. Baker, Ellington, for objectors-appellants.

Schnapp & Cooper, Fredericktown, Duane A. Patterson, St. Louis, for petitioner-respondent.

STONE, Judge.

In this proceeding under Chapter 236,[1] Union Electric Company (hereinafter called petitioner) sought and, on June 7, 1961, obtained an order and judgment of the Circuit Court of Reynolds County granting permission and authority to erect a dam across the East Fork of the Black River just below its confluence with Taum Sauk Creek (both streams being non-navigable), upon certain conditions including the requirement "that the entire project, known as the Taum Sauk Project, shall be commenced within one year from the date of this decree and shall be finished and ready for business within three years from the date of this decree." Sec. 236.180. In the judgment of June 7, 1961, the court also

---

1. All references to statutes are to RSMo 1959, V.A.M.S., and all references to rules are to the Missouri Rules of Civil Procedure, V.A.M.R.

found that Charles Jones, Esther Jones, Robert C. Stark and Charles F. Baur (hereinafter called objectors) had not shown cause to quash the proceedings and set aside the verdict of the jury [Sec. 236.130] theretofore impaneled by the sheriff under a writ of ad quod damnum [Secs. 236.060 and 236.070], and the formal objections of the named objectors to the proceedings under such writ [Sec. 236.120] were dismissed with prejudice.

On June 17, 1961, objectors filed their motion for new trial and, on the same date, filed their notice of appeal to this court. Not having been ruled by the circuit court within ninety days after the date of filing, the motion for new trial was deemed denied for all purposes on September 15, 1961 [Rule 78.04; Sec. 510.360]; and the premature notice of appeal was considered filed immediately thereafter on the same date, towit, on September 15, 1961. Rule 82.05 (b).

On December 20, 1961, which was *after* expiration of the period of ninety days within which the transcript on appeal should have been filed [Rule 82.18; Sec. 512.130], objectors filed in the circuit court a motion for extension of time within which to file the transcript [Rules 82.19 and 44.01, subd. (b) (2); Secs. 512.140 and 506.060, subd. 2(2)]; and thereafter on February 6, 1962, the circuit court entered an order (quoted in its entirety) that "Now on this day the time for filing the transcript on appeal is hereby enlarged by extending the said time for the period ending six months (6) from September 16th, 1961."

*We first heard of this appeal on March 27, 1962* (after expiration of the enlarged period of six months for filing of the transcript), when petitioner's-respondent's motion to dismiss the appeal was received by our clerk. Appended to that motion were several certified exhibits reflecting the above-recited facts, notice to objectors'-appellants' attorney that the motion would be filed, and an acknowledgment of service signed by said attorney. By letter dated March 28, 1962, the circuit clerk transmitted to our clerk the notice of appeal and the required docket fee; and finally, on March 29, 1962, the cause was docketed here.

■ No explanation is offered as to the inordinate delay in forwarding the notice of appeal and docket fee to this court. *Assuming* that the docket fee was deposited with the notice of appeal (for, if it was not, the notice of appeal should not have been accepted [Rule 82.04; Sec. 512.050] and acceptance sans the fee would not have constituted a valid filing of the notice [Kattering v. Franz, 360 Mo. 854, 857, 231 S.W.2d 148, 150; Alberswerth v. Lohse, Mo.App., 232 S.W.2d 213]), the circuit clerk's duties with respect thereto, as outlined in Rule 82.08 [Sec. 512.070], were (a) to notify the adverse party by sending a copy of the notice of appeal by registered mail to an attorney of record for such party, (b) "(a)t *the same time*" to mail a copy of the notice of appeal to the clerk of the appellate court with the docket fee, and (c) to note in a memorandum the names of the parties to whom copies had been mailed, *with date of mailing*. Certainly, this rule contemplates, and the even-handed administration of justice demands, that the outlined steps be taken with all reasonable diligence and dispatch, not delayed for weeks or (as in this instance), for months. Since our records include no less than nine prior appeals in which the same circuit clerk *personally* has transmitted the notice of appeal and docket fee *promptly*, certainly we may not attribute the delay of more than six months in this instance to ignorance of or unfamiliarity with proper handling and procedure. All of which may make it not inappropriate for us to suggest that the responsibility for satisfying the procedural requirements of Rule 82.08 [Sec. 512.070] rests squarely upon the circuit clerk, who, from the faithful discharge of that duty, should not be stayed, swayed or dissuaded.

In its motion to dismiss the appeal, petitioner-respondent first insists that the order of the circuit court of February 6, 1962,

extending the time for filing of the transcript on appeal, "is void." As petitioner points out, the transcript should have been filed within ninety days from September 15, 1961 [Rule 82.18; Sec. 512.130], the date on which the premature notice of appeal was considered filed [Rule 82.05(b)]; and, when that period of ninety days expired on December 14, 1961, without the filing of the transcript and *without any request by objectors-appellants for enlargement of the period,* the circuit court was not authorized *thereafter* to grant such enlargement except "upon notice and motion" and a showing that "the failure to act was the result of excusable neglect." Rule 44.01, subd. (b) (2); Sec. 506.060, subd. 2(2).

Instant objectors filed, on December 20, 1961, a motion for enlargement to "a total time of six months from the affective (sic) date of the notice of appeal," in which it was alleged in meaningless generalities (a) that "many of the issues of law involved in this case are also involved in the case of Union Electric Company v. Charles Jones et al., [Mo., 356 S.W.2d 857], now on appeal and pending before the Supreme Court of Missouri, and will be concluded by the decision there," (b) that "the possibility of settling this case will be increased by the aforesaid decision, and the expense of one appeal may be avoided," and (c) that "an extension of time as requested may be sufficient for a decision to be handed down in the above case." However, there was no allegation in the motion of December 20, 1961, that a transcript in the instant case had been ordered from the court reporter; and we know that, in fact, no order for the transcript had been placed, for in papers filed with us on April 2, 1962, objectors' counsel conceded that no transcript yet had been ordered. A certificate of the court reporter not only confirms that fact but also informs us that no witnesses appeared and no testimony was taken upon objectors' motion [contrast Suburban Bank of Kansas City v. Proposed Jackson Co. State Bank, Mo.App., 326 S.W.2d 420, 424] when on February 6, 1962, the circuit court entered an order purporting to extend the time for filing of the transcript "for the period ending six months (6) from September 16th, 1961."

Case No. 49093 is identified here as a condemnation proceeding under Chapter 523 tried in another jurisdiction and before another judge, towit, in the Circuit Court of Shannon County before Honorable Gordon Dorris, in which Charles and Esther Jones, owners of certain lands sought to be condemned in that proceeding, have appealed from the judgment entered following trial by jury on exceptions to the award of the commissioners. *Even if* the primary "reason" assigned in objectors' motion of December 20, 1961, towit, "many of the issues of law involved in this case are also involved in . . . No. 49093 . . . and will be concluded by the decision there," were a valid and sufficient ground for enlargement of time under Rule 44.01, subd. (b) (2), which we seriously doubt [2] but need not rule, the trial court did not purport to make any finding, either general or special, to that effect, and certainly we could make no such finding upon the record before us. In the *admitted and undisputed* circumstances of the instant case, the order of February 6, 1962, cannot be sustained on a presumption of right acting on the part of the circuit court. Contrast Stroup v. Radican, Mo.App., 341 S.W.2d 333, 334. With no semblance of showing that their failure to act within the initial period of ninety days (during which the transcript should have been filed) "was the result of excusable neglect" [Rule 44.01, subd. (b)

2. In this connection, note the *amendment* of Rule 82.19 published in the February 1962 issue of the Journal of the Missouri Bar [18 J.Mo.Bar 81], effective September 1, 1962, specifically directing that the trial court shall grant no such extension "unless the transcript on appeal be ordered in writing from the court reporter within 30 days after the filing of such notice of appeal and a duplicate copy of such written order to the reporter be filed in the case within 15 days thereafter."

(2); Sec. 506.060, subd. 2(2)], objectors were not entitled to an enlargement of that period and the order of February 6, 1962, should not have been entered. Heard v. Frye, Mo.App., 319 S.W.2d 685, 687(7).

In any event, the six-month period passed and expired as had the initial ninety-day period, i. e., without the transcript having been filed or even ordered. After the case eventually was docketed here on March 29, 1962, and after petitioner's-respondent's motion to dismiss the appeal had been served and filed, counsel for objectors-appellants lodged with us on April 2, 1962, a motion for further enlargement of time for filing of the transcript "to 60 days beyond the date of final decision in Case No. 49093 by the Missouri Supreme Court." This motion and accompanying suggestions follow the same general line as objectors' motion of December 20, 1961 (which sought enlargement of time in the circuit court), with the added "reasons" that "substantially all of the Jone's (sic) financial resources are either tied up or have been used in perfecting that appeal and for that reason a transcript on appeal in this case has not been ordered," that "the appellants (objectors) have not the financial ability to finance all of the costs of two simultaneous appeals except at the expense of the necessities of life," and that "the respondents (sic) can suffer no detriment by delay of the filing of the transcript on appeal . . . other than that which their own actions may have caused."

■ We observe parenthetically that instant petitioner has stated (with no denial of this by objectors) that, in Case No. 49093, it has paid $12,000 into the registry of the circuit court for Charles and Esther Jones, who are two of the objectors in this proceeding. But, putting that behind us, we may not rule the motions before us with an eye to the relative financial worth of the respective parties, for the rules of civil procedure governing appellate practice do not contemplate or permit of a double standard of interpretation and enforcement, with one to favor the poor and impecunious and another to penalize the wealthy and affluent. As the Almighty enjoined his chosen people in Mosaic days, even so one of the quickening precepts of the bench in this age still should be, "thou shalt not respect the person of the poor, nor honor the person of the mighty." Leviticus 19:15.

■ Nor may we be influenced by objectors' suggestions that "the possibilty of settling this case will be increased" by appellate determination of Case No. 49093, and that "if the parties (thereafter) cannot agree to a disposition in the trial court, the appeal (in this proceeding) could then be perfected and heard." For, as our Supreme Court has pointed out, if the rules of civil procedure governing appellate practice were not followed, the very conditions which those rules sought to remedy would be created anew, and "(p)arties could determine for themselves how long they would take to decide whether they wanted to appeal and when they should commence to prepare the transcript on appeal." Kattering v. Franz, supra, 231 S.W.2d loc. cit. 149. "(A)ppeals cannot be both effective and in abeyance at the whim of the prospective appellant." Kattering v. Franz, supra, 231 S.W.2d loc. cit. 150. So, the instant case may not lurk and linger in a state of legalistic limbo in order that the threat of its emergence, at the fancy and upon the call of objectors-appellants, may be employed either as a club to compel, or as bait to induce, a settlement.

■ Being wholly without factual merit or legal support, objectors'-appellants' motion in this court for enlargement of time to file the transcript on appeal is denied. And, for objectors' flagrant failure to comply with Rules 82.12(a), 82.14, 82.18, 82.19 and 44.01(b) (2) [Secs. 512.110(1), 512.130, 512.140 and 506.060, subd. 2(2)], petitioner's-respondent's motion to dismiss the appeal is sustained.

RUARK, P. J., and McDOWELL, J., concur.