In the Matter of E———— and G————.

GG, Appellant,

v.

CR and LR, Respondents.

No. 8630.

Springfield Court of Appeals.

Missouri.

June 9, 1967.

Gregory D. O'Shea, Barnhart, for appellant.

John William Ringer, Dexter, for respondents.

TITUS, Judge.

Respondents, husband and wife, petitioned the Circuit Court of Stoddard County to adopt two siblings. Written consent of the natural parents was filed with the petition. We do not attempt to relate all procedures involved, but on July 2, 1966, the natural father (appellant herein) filed a Motion to Set Aside Consent to Adoption and Change of Custody Order, and in the Alternative, Motion For Directed Verdict at the Close of all of the Evidence. This was the second such motion appellant had filed—the first having encountered an adverse ruling following a hearing. At the conclusion of another hearing held July 5, 1966, the July 2nd motion was overruled and a decree of adoption entered. Appellant's Motion for New Trial filed July 9, 1966, was overruled September 6, 1966, and on September 16, 1966, appellant filed his Notice of Appeal "to the Springfield Court of Appeals from the Decision of the Circuit Court of Stoddard County on a Motion to Set Aside Consent for Adoption and Change of Custody entered in this action on the 6th day of September, 1966." On the eighty-ninth day after the notice of appeal was filed in the trial court, i. e., December 14, 1966, appellant filed in the Circuit Court a Motion for Extension of Time for Filing of Transcript. Appellant had never ordered a transcript on appeal from the court reporter. The motion to extend the time for filing the transcript was overruled by the trial court and we are now confronted with respondents' motion to dismiss the appeal. No transcript on appeal has been filed in this court and no communications have been received from appellant.

■ Concerning adoption, V.A.M.S. § 453.060, subd. 4, provides a "party shall have the right to appeal from the judgment in the manner and form provided by the civil code of Missouri." Of course the appeal should have been taken from the judgment or order of the circuit court entered July 5, 1966 (V.A.M.R. 82.04; V.A. M.S. § 512.050) and not "from the Decision of the Circuit Court * * * on a Motion to Set Aside Consent for Adoption and Change of Custody entered * * * the 6th day of September, 1966." However, as the courts have long humored similar errant appellants by not dismissing their appeals on this score, we too will indulge this transgression. Mills v. Berry, Mo.App., 395 S.W.2d 228, 231(8); City of Joplin v. Joplin Water Works Company, Mo., 386 S.W.2d 369, 370(1, 2); State ex rel. State Highway Commission v. Kendrick, Mo., 383 S.W.2d 740, 742–743(1, 2).

■ "The transcript on appeal shall be filed with, and the action transferred to, the appellate court within 90 days from the date of filing of the notice of appeal" (V.A.M.R. 82.18) unless the time for filing be extended by the trial court which has authority to do so *only* if "the transcript on appeal be ordered in writing from the court reporter within 30 days after the filing of such notice of appeal and a duplicate copy of such written order to the reporter be filed in the case within 15 days thereafter." Even in such event "the trial court shall not extend the time for filing the transcript on appeal for a longer period than six months from the date of the

filing in the trial court of the notice of appeal * * *" V.A.M.R. 82.19; Stroup v. Radican, Mo.App., 341 S.W.2d 333, 334(1). Assuming appellant had ordered the transcript on appeal from the reporter (which we are advised he did not), the trial court could not have extended the time for its filing beyond March 17, 1967. As the order for the transcript was not made, the filing should have been made in this court within ninety days from September 16, 1966, or no later than December 15, 1966, and under the circumstances herein the trial court had no authority to extend the time beyond that date. Gaddy v. State Bd. of Registration For Healing Arts, Mo.App., 397 S.W.2d 347, 349. "In any event, the six-month period passed and expired as had the initial ninety-day-period, i. e., without the transcript having been filed or even ordered" (Petition of Union Electric Company, Mo.App., 356 S.W.2d 300, 304), and respondents' motion to dismiss the appeal for failure to file the transcript within the time specified is not frivolous. Eastman Kodak Stores, Inc. v. Summers, Mo.App., 377 S.W.2d 476, 482. "If, after filing a notice of appeal, the appellant fails to take the further steps to secure appellate review within the periods of time allowed or as extended by the trial court the appellate court may dismiss the appeal, unless, *for good cause shown,* it has granted further time for taking such steps." (Our emphasis.) V.A.M.R. 83.26. Appellant has never petitioned this court to exercise its discretionary power to extend the time for filing the transcript and, a fortiori, has not shown good cause, or any cause, why this case should be continued pendent. He likewise has not contested or countered respondents' motion in any way. The code and rules of civil procedure were designed to accelerate litigation and deprive appellants of the right to determine when they should commence to prepare the transcript and file it on appeal. Kattering v. Franz, 360 Mo. 854, 231 S.W.2d 148, 149. Many situations require liberality on the part of appellate courts, even sua sponte, to enlarge the time for filing transcripts on appeal. However, when appellant, as here, is totally mute and any continuation of this matter would serve only to promote apprehension and unrest in the family newly formed by the adoptions, we are of the opinion the appeal may properly be dismissed. Accordingly, respondents' motion to dismiss the appeal is sustained and the appeal is ordered dismissed.

STONE, P. J., and HOGAN, J., concur.