**WORLD FRANCHISERS, INC., Plaintiff-Respondent,**

v.

**Raymond J. BIRK, Defendant-Appellant.**

**No. 8971.**

Springfield Court of Appeals, Missouri.

June 4, 1970.

James Dunn, Carthage, for plaintiff-respondent.

Kevin Kirwan and Raymond J. Birk, Joplin, for defendant-appellant.

PER CURIAM:

Appellant-defendant filed the motion now being considered on June 3, 1970, seeking an order which would extend the time for filing the transcript on appeal. The matter is set for hearing on appeal for June 8, 1970. The notice of appeal (which is the second filed by appellant in the same case) was filed in the Circuit Court of Jasper County on September 19, 1969, and the Rules of Civil Procedure imposed upon appellant the duty to file the transcript in this court [Civil Rule 82.12(a), V.A.M.R.] within 90 days from the date of filing of the notice of appeal, or on or before December 18, 1969. Civil Rule 82.18. Combining our judicial notice of the first appeal to this court [Burton v. Moulder, Mo., 245 S.W.2d 844, 846(1); In re Taylor, Mo.App., 421 S.W.2d 57(1)] with the information at hand on the present appeal, we glean the following to be the facts.

On June 19, 1969, the trial court entered judgment on a verdict it had directed for plaintiff-respondent, and appellant filed his first notice of appeal on the same day. Appellant wrote to the court reporter on July 18, 1969, requesting that she "prepare the transcript of testimony," but there is no suggestion that a copy of this letter was "filed in the case" or that the trial court was ever asked to or did extend the time for filing the transcript either in relation to the first or second appeals. Civil Rule 82.19. Appellant subsequently advised this court that he considered the first appeal "premature," although he took no action to withdraw the first appeal in the trial court. Civil Rule 82.20. The first appeal was docketed for hearing on March 16, 1970, and was dismissed because of appellant's failure to comply with the rules. Civil Rule 83.26.

■ Appellant apparently filed a motion for new trial after the first notice of appeal was filed. We do not know when this was done and only assume it was filed within the time prescribed by Civil Rule 78.02. In any event, it seems the new trial

motion was overruled on September 10, 1969, and on September 19, 1969, appellant filed his second notice of appeal which he denominated as an appeal "from the directed verdict, judgment and overruling of Defendant's motion for new trial entered in this action on the 10th day of September, 1969." Of course, the appeal should have been taken from the judgment entered June 19, 1969 (Civil Rule 82.04; V. A.M.S. § 512.050), and not from the directed verdict or order overruling the new trial motion which is not an appealable order. Mills v. Berry, Mo.App., 395 S.W.2d 228, 231(8). However, as we attribute to appellant a good faith effort to appeal from the judgment, the second notice of appeal will be so treated. State ex rel. State Highway Commission v. Kendrick, Mo., 383 S.W.2d 740, 743(2).

■ It goes without saying that a transcript on appeal has never been prepared, tendered or filed and it should be noted that subsequent to filing his second notice of appeal, appellant expended no effort to secure a transcript or to arrange for an extension of time for filing the transcript until a scant five (5) days before the matter was set for hearing on appeal. Reasons advanced in the instant motion for extending the time for filing the transcript are that the matter "is a rather celebrated case in Jasper County," that unexplained "developments in the matter of World Franchisers, Inc.," made it inadvisable to perfect the appeal until now, and that appellant was unable to finance the preparation of a transcript "until recently." Courts do not function to perpetuate a cause celebre; neither do they relegate themselves to limbo in anticipation that a vagary of a litigant may somehow move him towards terminating the litigation at hand. The code and Rules of Civil Procedure were designed to accelerate litigation and deprive appellants of the right to determine when they should commence to prepare the transcript and file it on appeal. Kattering v. Franz, 360 Mo. 854, 231 S.W. 2d 148, 149. We are not declaring that

temporary inability to finance the preparation of a transcript is never "good cause" for extending the time for its filing; what we do say is that if this was, in fact, the reason the transcript could not have been filed within the period set by the rules, then appellant assuredly was well aware of his fiscal shortcomings long before now and at such times that he should have made an application for extension more seasonably than he has done.

We appreciate the rules are to be "liberally construed" (Civil Rule 83.24), yet we also recognize that Civil Rules 82.-12(a), 82.18 and 82.19, relating to the filing of the transcript on appeal, are cast in mandatory language and that liberality extended to the appellant without "good cause shown" (Civil Rule 83.26) will do injustice to the respondent. The laws assist the vigilant, not those who sleep on their rights (vigilantibus, non dormientibus, jura subveniunt). Appellant's repose has been so uncommonly long that his motion is overruled and his appeal must be dismissed.

It is so ordered.

All concur.