Johnnie Hugh WILLIAMS and Sally Williams, Plaintiffs-Respondents,

v.

Norma Jean BRUCE, Defendant-Appellant.

No. 33901.

St. Louis Court of Appeals, Missouri.

Dec. 28, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 18, 1972.

Carter, Brinker & Doyen, Clayton, for defendant-appellant.

Baker, Holt & Krumm, Frazier Baker, Fulton, DeWitt Lawson, St. Louis, for plaintiffs-respondents.

DOERNER, Commissioner.

Plaintiff Johnnie Hugh Williams claimed damages for personal injuries, and his wife, Sally Williams, damages for loss of consortium, allegedly resulting from a collision between Williams' car and one driven by defendant Norma Jean Bruce. The jury

returned a verdict for defendant and judgment was entered thereon. The trial court sustained plaintiffs' motion for a new trial on June 12, 1970, without specifying the ground or grounds therefor, and defendant filed a notice of her appeal to this court on June 17, 1970. Defendant invoked Civil Rule 83.06(b), V.A.M.R., and the briefs were filed in accordance with that rule.

At the outset of our consideration of this case we are met with plaintiffs' motion to dismiss defendant's appeal, which we took under advisement with the submission of the case pending an examination of the transcript. The substance of the motion is that the defendant failed to properly perfect her appeal in accordance with the requirements of Civil Rules 82.18, 82.19, and 44.01(b).

An examination of the transcript reveals that as originally prepared by the court reporter, and submitted by defendant's counsel to plaintiffs' counsel, it was sadly deficient. Among other deficiencies, it did not contain any entry that the transcript had been ordered in writing from the court reporter within 30 days after the filing of defendant's notice of appeal and that a duplicate copy was filed in the case. More importantly, the transcript as originally prepared did not contain any order made by the court extending the time for the filing of the transcript beyond the original 90 day period.

The transcript bears plaintiffs' notation that it was received by them on April 27, 1971. Plaintiffs, in writing, refused to approve the transcript as originally submitted to them but offered to waive the deficiencies if defendant would stipulate, among other matters, as follows:

"(2) That without a written motion, without prior notice to the Plaintiffs, without a hearing, and without giving reasons therefor or any finding of facts the Circuit Court of St. Louis County, Missouri, Division 13, on September 17, 1970, entered the following Order, to wit: 'Defendant granted 90 additional days to file transcript of appeal'."

Defendant so stipulated and the transcript was filed in this court on May 12, 1971.

Thus it is conceded by defendant that the purported order extending the time for the filing of the transcript was not made by the trial court until September 17, 1970, after the expiration of the 90 days allowed defendant by Civil Rule 82.18. Civil Rule 82.19 provides that, "The trial court may extend the time within which any act may be done under Rules 82.12 and 82.18 in accordance with subdivision (b) of Rule 44.01. * * *" The applicable portion of that rule reads: "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court *for cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made *before the expiration of the period originally prescribed* * * * or (2) *upon notice and motion* made after the expiration of the specified period permit the act to be done *where the failure to act was the result of excusable neglect.* * * *" (Emphasis supplied.)

Civil Rule 83.24 admonishes that "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits." Consistent with that precept our appellate courts have been liberal (some might think too liberal) in requiring an appellant to observe and comply with the procedural steps necessary to perfect an appeal. For example, in Strubinger v. Mid-Union Indemnity Co., Mo.App., 352 S.W.2d 397, where the record failed to show that the order extending the time for filing the transcript was made upon motion and a showing of excusable neglect, this court pointed out that the respondent had waited to file his motion to dismiss the appeal until he filed his own

brief in response to the appellant's brief. Another instance in which an appellate court exercised liberality in the application of Rule 44.01(b) is Stroup v. Radican, Mo. App., 341 S.W.2d 333, 334. In that case the trial court's order extending the time for the filing of the transcript was made after the expiration of the initial 90 days, and the transcript was silent as to the filing of a motion by appellant for the extension, any notice given to respondent, and any finding of excusable neglect. There the court said that, " * * * we indulge, *in the absence of any suggestion to the contrary*, the presumption of right acting on the part of the circuit court, a court of general jurisdiction, in granting the requested extension." (Emphasis supplied.)

Neither of those cases offer any solace to the defendant in this appeal. Unlike Strubinger, plaintiffs did not delay in filing their motion to dismiss. The record in this court shows that the plaintiffs filed their original motion promptly after the expiration of six months from the date of the filing of defendant's notice of appeal, and long before defendant (after repeated extensions of time by this court) eventually filed the transcript. And in plaintiffs' amended motion, filed on January 26, 1971, plaintiffs squarely raised the issue of defendant's failure to comply with the rules. Furthermore, we cannot here indulge the presumption of right acting which the appellate court indulged in Stroup. This for the reason that defendant stipulated: (1) that she had not filed any written motion or application in the trial court for an extension of time; (2) that no notice of defendant's oral application to the trial court for the extension was given to the plaintiffs; (3) that no reason for defendant's delay in requesting the extension was given to the trial court; (4) that the trial court's order was made after the expiration of the original 90 days; and (5), that the trial court made no finding that defendant's failure to act was the result of excusable neglect. In effect, by her stipulation defendant admitted that she had wholly failed to comply with Rules 44.01(b), 82.18 and 82.19. Yet, despite such an admission the defendant, in this court, has not offered to us, in response to plaintiffs' motion to dismiss, any excuse or explanation for her failure, much less one which might be considered as excusable neglect.

The code and rules of civil procedure were designed, among other purposes, to accelerate the disposition of litigation and particularly to eliminate delay in the period after judgment in the trial court. Kattering v. Franz, 360 Mo. 854, 231 S.W. 2d 148, 149. It should be observed, as was done in World Franchisers, Inc. v. Birk, Mo.App., 456 S.W.2d 606, 608, that Rules 82.12(a), 82.18 and 82.19 are cast in mandatory language. Rule 44.01(b) was intended to afford relief to a party who fails to perform an act within a specified period when his failure to act was the result of "excusable neglect." But in order that his opponent may appear and be heard on the issue of whether the party's failure to act was the result of excusable neglect, that rule requires that the party applying for the extension file a motion therefor and serve a copy thereof on his opponent, together with a notice of the time for presentation of the motion. In Petition of Union Electric Co., Mo.App., 356 S.W.2d 300, 303, it was held that since the appellant had not filed his transcript within the original 90 days, and no request for an extension of time was made within that period, the trial court was "not authorized" to thereafter grant an enlargement of time except upon notice and motion and a finding that the appellant's failure to act was the result of excusable neglect.

Inasmuch as defendant has admitted that no written motion for an extension of time was made until after the expiration of the original 90 day period for the filing of the transcript; that no notice of defendant's oral application for an enlargement of time was given to plaintiffs;

that no reason for defendant's tardiness was given to the trial court; that the trial court made no finding of excusable neglect; and that in this court the defendant offered no excuse or explanation for her failure to comply with the long established rules, we see no alternative but to dismiss the appeal.

Accordingly, the appeal is dismissed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, appeal dismissed.

BRADY, P. J., DOWD, J., and VERNON MEYER, Special Judge, concur.

WOLFE, J., not participating.