**In re BEYOND the VALLEY OF THE DOLLS.**

No. 9230.

Missouri Court of Appeals, Springfield District.

July 28, 1972.

———◆———

Rolland L. Comstock, Springfield, for appellant.

Barnes Griffith, Pros. Atty., Greenfield, for respondent.

PER CURIAM:

The transcript on appeal was timely filed on March 11, 1972. Rule 81.18.[1] Appellant was required by Rule 84.05(a) to file his brief "within 60 days after the date on which the transcript on appeal [was] filed," or no later than May 10, 1972, but he did not do so. On July 26, 1972 (137 days after the transcript was filed and 77 days after his brief was due), appellant filed a motion for leave to file his brief "en retard." The pleading states that a seasonable motion was not filed and a timely brief was not presented because "both client and counsel, . . . [were] trying to determine whether or not the cost of appeal and the burden of the court were outweighed by the justice to be served to the individual and to the community by the Appellant asserting his right."

Rule 44.01(b) provides that this court may, "in its discretion," enlarge the time within which an act may be done if the failure to timely do so "was the result of excusable neglect." On the other hand, Rule 84.08 "requires us to dismiss [appellant's] appeal for failure to comply with [Rule 84.05] unless there is a showing that justice requires otherwise." Lane v. Katt, Mo.App., 421 S.W.2d 544, 546(5).

The Rules of Civil Procedure were designed to accelerate litigation— they do not permit appellants to decide ex parte at what times, if ever, they will function to perform the various processes involved in an appeal. Kattering v. Franz, 360 Mo. 854, 857, 231 S.W.2d 148, 149. Courts do not "relegate themselves to limbo in anticipation that a vagary of a litigant may somehow move him towards terminating the litigation at hand" (World Franchisers, Inc. v. Birk, Mo.App., 456 S.W.2d 606, 607); neither do courts seek repose awaiting an appellant's determination as to whether there is sufficient merit vel non in his cause to justify expenditure of the money and effort necessary to perfect an appeal. We have been tardily asked to exercise our discretion for reasons that do not demonstrate excusable neglect, and since there is no showing that justice requires otherwise, appellant's motion is denied and the appeal herein is ordered dismissed.

All concur.

1. References to rules are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.