**James H. HAMPTON, Petitioner-Appellant,**

**v.**

**Thomas R. GILMORE et al., Respondents.**

**No. 9726.**

Missouri Court of Appeals, Springfield District.

May 16, 1974.

Rehearing Denied May 23, 1974.

Application to Transfer Denied July 22, 1974.

James H. Hampton, pro se.

James L. Oliver, Jr., Oliver, Oliver & Jones, Cape Girardeau, for respondent, Ed Umphres.

PER CURIAM:

Respondent Umphres has filed a "Motion to Dismiss Appeal." Rule 84.10, V.A.M.R. For the reasons hereinafter stated, the motion is sustained and the appeal is ordered dismissed.

*February 11, 1974*—Appellant, representing himself (in propria persona) filed a notice of appeal in the Circuit Court of Scott County from "order . . . entered in case No. 7918 on January 10, 1974." [1] Accompanying this was a "Motion for Leave to Proceed on Appeal in Forma Pauperis." Copies of the notice and motion were erroneously sent to the St. Louis District [2] which forwarded them here as required by Mo.Const. Art. V, § 11, V.A.M.S., and § 477.080, subd. 1, V.A.M.S., Laws 1973, p. ——, S.B.No.263, § 1.

*February 19, 1974*—A copy of appellant's "Motion to Designate the Record on Appeal" was filed here and taken as a motion to direct the preparation of a transcript on appeal. We ordered the February 11 motion sustained (Rule 77.04) so that "the notice of appeal in this cause be filed [in this court] and the cause docketed without the payment of a docket fee." The motion to direct the preparation of the transcript was denied and overruled.

*April 11, 1974*—Appellant filed here duplicates of the motions previously filed on February 11 and 19, supra. These were overruled because they had already been determined on February 19.

*April 23, 1974*—Four (4) copies of appellant's brief were received by this court.

■ Appellant, through various pleadings and correspondence, advises that he "is a layman unlearned at law." While he has the right to appeal his own case, the "rule is, nevertheless, that those who elect to represent themselves in propria persona are entitled to no indulgence they would not have received if they had been represented by counsel. They are bound by the same rules of . . . procedure as those who are admitted to practice law, and they are held to the same familiarity with required procedures and rules as would be attributed to a member of the bar." Parker v. Wallace, 473 S.W.2d 767, 773 [13] (Mo.App.1971). As we shall see, appellant has ignored and violated the Rules of Civil Procedure in most every step he has taken in this appeal.

*Notice of Appeal*—Aside from the date thereof, the notice of appeal does not specify the order appealed from and it does not contain a specification of the ground or grounds on which jurisdiction of the Missouri Court of Appeals is based. Although appellant is given the alternative of filing a jurisdictional statement within ten days of the filing of the notice of appeal when it is not filed contemporaneously with the notice, no jurisdictional statement has ever been filed in this case. In fine, appellant has failed to comply with any of the requirements of Rules 81.08(a) and 81.08(b).

■ *Transcript on Appeal*—The transcript in this case is conspicuous by its complete absence. In mandatory language, Rules 81.12(a) and 81.18 require the appellant to file a transcript on appeal "within 90 days from the date of filing of the notice of appeal." The 90th day was May 12, 1974, but as that was a Sunday, the transcript should have been filed on or before May 13, 1974, and this was not done. Rule 44.01(a). The Clerk of the Circuit Court of Scott County advises that no copy of a written order to the reporter for a transcript has ever been filed in the cause. Lack of such an order renders the trial court powerless to grant an extension of time within which to file the transcript under Rule 81.19, and this court has received no request for an extension. Rules 44.-01(b) and 84.27.

*Briefs*—Appellant's brief must be filed within 60 days after the date on which the

---

1. We are advised this action was commenced when appellant filed his "Petition for Writ of Replevin" and that the January 10, 1974, order dismissed the petition with prejudice pursuant to various motions of respondents.

2. Scott County is within the territorial jurisdiction of the Springfield District of the Missouri Court of Appeals. § 477.060, Laws 1973, p. ——, S.B.No.263, § 1.

transcript is filed; respondents' briefs are due to be filed within 30 days after receipt of appellant's brief. Rule 84.05(a). Obviously, with no transcript on appeal being filed, the due date for briefs cannot be calculated and the whole process of orderly appellate procedure collapses. Cf. First Community State Bank v. Newhart, 507 S. W.2d 958 (Mo.App.1974). Moreover, sans a transcript on appeal it is impossible for either appellant or respondents to comply with Rule 84.04(h) which requires that "All statements of fact and argument [in briefs] shall have specific page references to the transcript on appeal." Not only is appellant's purported brief deficient in each and every respect required by Rule 84.04, but only four copies of the brief were sent to this court. The number of brief copies forwarded violates Rule 84.-05(a) and Special Rule 2(c) of this court, both of which require that ten copies of all briefs shall be filed.

■ The Rules of Civil Procedure were designed to accelerate litigation and deprive appellants of the right to determine when and in what order they will execute the mandatory steps necessary to perfect their appeals. Kattering v. Franz, 360 Mo. 854, 856, 231 S.W.2d 148, 149 (1950); In re Beyond Valley of the Dolls, 483 S.W.2d 807 [1] (Mo.App.1972); World Franchisers, Inc. v. Birk, 456 S.W.2d 606, 607 [3] (Mo.App.1970). Rule 84.08 requires us to dismiss the appeal for failure to comply with Rules 81.14, 81.18, 84.04, 84.05 or 84.-07 unless justice requires otherwise. Lane v. Katt, 421 S.W.2d 544, 546 [5] (Mo.App.1967). Since appellant has not complied with any of these rules and others previously noted, and since nothing appears as a justification for doing differently, we grant respondent's motion to dismiss the appeal.

All concur.