**Kent R. MERRIMAN, Plaintiff–
Respondent,**

v.

**Thomas M. CHURA, Defendant–
Appellant.**

**No. 61301.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Nov. 24, 1992.

Mary Elizabeth Dorsey, St. Louis, for defendant-appellant.

Stephen G. Bell, St. Louis, for plaintiff-respondent.

KAROHL, Chief Judge.

Defendant appeals denial of his application for Trial De Novo after judgment for plaintiff in a court tried case by an associate circuit judge. The petition alleged two causes, negligence and fraud. The prayer was for $5,000 and costs on each, inconsistent and alternative count.

We must first decide a jurisdictional dispute. Defendant argues that he is entitled

to a trial de novo in the circuit court because the case was tried without a jury before an associate circuit judge where the claim for damages did not exceed five thousand dollars and was never assigned to the associate division of the court to be tried as a circuit court case. Section 512.180.1 RSMo 1986. We agree.

■ Section 478.250.2 RSMo 1986 grants the circuit court authority to assign a case to an associate circuit judge to be heard under the practices and procedures of the circuit court. By agreement the case was tried on the record. The parties agreed with the statement of the court "that this matter may be heard without the necessity of a jury, that the Court will sit as a jury." Defendant, however, now argues the case was filed in the associate division, never assigned and was heard by an associate circuit judge as an associate case.

■ Unfortunately, the parties cannot confer jurisdiction by agreement. Although the case was set on a certified docket for a jury trial, it was tried jury waived. There was no order specifically conferring jurisdiction of the circuit court to the associate judge. An order of the presiding judge is necessary to deny a party under § 512.180.1 RSMo 1986 the right to trial de novo in the circuit court. *See Tittsworth v. Chaffin*, 741 S.W.2d 314 (Mo. App.1987). A timely request for a trial de novo was filed. Plaintiff is entitled to a trial de novo in the circuit court.

The appeal is dismissed for lack of jurisdiction.

PUDLOWSKI and CRANDALL, JJ., concur.