**COMMERCE BANK, N.A.,**
**Plaintiff/Respondent,**

v.

**Steven HAYES and Diana Hayes,**
**Defendants/Appellants.**

**No. ED 91652.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 20, 2009.

Steven Hayes and Diana Hayes, St. Louis, pro se.

Jason Bahnsen, Overland Park, KS, for respondent.

NANNETTE A. BAKER, Chief Judge.

Steven Hayes (Appellant) appeals from the judgment of the associate circuit division of the circuit court granting Commerce Bank, N.A. (Respondent) possession of certain premises in an unlawful detainer action. We dismiss the appeal for lack of jurisdiction.

On April 24, 2008, Respondent filed an unlawful detainer action against Appellant and his wife seeking possession of the premises at 10108 Doc Wallen Road, Irondale, Missouri. Respondent asserted that it purchased the property in question at a foreclosure sale and that Appellant continued to occupy the property. Respondent also sought damages for the reasonable rental value of the property. On June 4, 2008, the court held a trial on Respondent's petition. On June 5, 2008, the associate circuit division of the circuit court entered a judgment finding in favor of Respondent as to possession of the premises, but denied Respondent any damages.

On June 24, 2008, Appellant filed a document captioned "Notice of Appeal" in which Appellant stated he was filing an appeal of the judgment of June 5, 2008.[1]

1. Appellant's wife, Diana Hayes, did not file a notice of appeal or sign the notice of appeal

Appellant did not pay a $70 filing fee. The clerk of the associate circuit division of the circuit court forwarded the appeal to this Court after certifying that no filing fee had been paid. This Court issued an order directing Appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response.

Appellant has filed an appeal from a judgment in an unlawful detainer action governed by Chapter 534. As such, Appellant did not have the right to an appeal to this Court, but should have filed a request for a trial de novo pursuant to Section 512.180, RSMo Cum.Supp. 2007. The case was tried without a jury before an associate circuit judge, who entered the judgment in question. Section 512.180.1 provides that a "person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases tried ... under the provisions of chapters 482, 534, and 535, RSMo."

Here, unless the associate circuit judge was assigned to hear the case on the record under procedures applicable before circuit judges, then Appellant's remedy was a trial de novo, not an appeal to this Court. There is nothing in the record on appeal to show that the associate circuit judge was assigned to hear the case on the record under procedures applicable before circuit judges. The record shows that the

filed by Appellant.

**2.** In his response to this Court, Appellant asserts he paid the $70 filing fee. Even if Appellant had the right to an appeal rather than a trial de novo, Appellant did not pay the $70 filing fee until October 7, 2008. Because

petition in question was filed directly in the associate division of the circuit court and thus, was not assigned to it by an order of the presiding judge. *See, Merriman v. Chura,* 842 S.W.2d 199, 200 (Mo. App. E.D.1992) (order of presiding judge required). Therefore, Appellant did not have the right to appeal to this Court, but should have sought a trial de novo in the circuit court.

In his response to this Court, Appellant states that he expected that his notice of appeal would be "moved to the proper court which would result in a trial de novo." However, an application for a trial de novo would have been due ten days after the judgment was rendered, on or before June 16, 2008. Section 512.190.1, RSMo 2000. Here, Appellant's "notice of appeal" was filed outside the ten days, on June 24, 2008. This Court will not treat Appellant's notice of appeal as an application for trial de novo, because it is untimely. Under the circumstances, this Court only has authority to enter an order dismissing Appellant's appeal. *Farinella v. Croft,* 922 S.W.2d 755, 757–58 (Mo. banc 1996).[2]

The appeal is dismissed for lack of jurisdiction.

PATRICIA L. COHEN, J., and KENNETH M. ROMINES, J. concur.

there is no valid notice of appeal until the docket fee is paid, Appellant's notice of appeal to this Court was untimely. *Kattering v. Franz,* 360 Mo. 854, 231 S.W.2d 148, 149 (1950); Rule 81.04(a); Rule 81.05(a).